PLUMER, Administrator, etc., Appellant, vs. THE McDONALD LUMBER COMPANY, Respondent.

*March 14 — April 25, 1889.*

*Revival of actions: Death of plaintiff before service of complaint: Supplemental complaint.*

1. The fact that the proceedings in an action, at the time of the death of one of the parties, do not disclose facts showing that the action survives, does not defeat the right to continue it in favor of or against the representative of the deceased, if the cause of action in fact survives.

2. Where the plaintiff has died before serving his complaint the right to revive the action is not limited to one year. A complaint thereafter filed by his representative for the purpose of reviving the action will be a "supplemental complaint" within the meaning of secs. 2803, 2810, R. S., although it is the first complaint filed in the action.

APPEAL from the Circuit Court for *Marathon* County. The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

This action was commenced in the circuit court by service of a summons on the defendant and respondent in this appeal, on the 3d of July, 1886. On the 7th of July, 1886, defendant served notice of appearance and demanded a copy of the complaint. August 1, 1886, the plaintiff died, intestate, being at the time of his death a resident of Wausau in this state. No complaint was ever served on the defendant during the life-time of the plaintiff. After the

death of the plaintiff, *D. L. Plumer* was appointed administrator of the estate of the deceased plaintiff. On March 16, 1888, the plaintiff's attorney filed in the office of the circuit court for Marathon county what was entitled "a supplemental complaint," setting forth a cause of action in favor of the deceased against the defendant for damages caused by the negligence of the defendant in the operation and use of a slab-burner owned by the defendant; also setting out the fact that the action had been commenced in the life-time of the deceased plaintiff; that no pleadings had ever been made or served in the action prior to the death of the plaintiff owing to the death of the said plaintiff; that the action had never been revived, and was pending; that the plaintiff, as administrator, makes and files this complaint as a supplemental complaint in said action, and prays that the action be revived in his name, as administrator of the estate of said B. G. Plumer, deceased. The present plaintiff filed this complaint with the clerk of said court, together with a notice which was served on the defendant. The notice served on defendant was as follows:

"*D. L. Plumer, administrator, Plaintiff, vs. The McDonald Lumber Co., Defendant.* You are hereby notified that the plaintiff in the above-entitled action, *D. L. Plumer,* has made and filed a supplemental complaint in said action in the office of the clerk of the circuit court for Marathon county, in the city of Wausau in said county, on the 16th day of March, 1888. Now, therefore, unless you, the said defendant, show cause, if any you have, by answer or affidavit, within twenty days after service of this notice upon you, exclusive of the day of service, why said action, entitled 'B. G. Plumer vs. The McDonald Lumber Company, Defendant,' should not be revived and continued, the same will stand revived and continued according to such supplemental complaint." And you, the said defendant, are hereby notified that the plaintiff will, at the expiration of said

twenty days, apply to the court for an order reviving and continuing said action. Dated March 16, 1888."

After the service of this notice on the defendant's attorney, said attorney, on the 29th day of March, 1888, upon an affidavit setting forth substantially the facts above stated, obtained the following order to show cause, viz.: "[Title of cause.] Upon the affidavit of T. C. Ryan, hereto annexed, and upon all the papers made and filed in this action, let the representatives of the plaintiff show cause before this court, at the court house in the city of Wausau in said county, on the 30th day of March, 1888, at the opening of the court on that day or as soon thereafter as counsel can be heard, why this action should not be dismissed, why the supplemental complaint served herein should not be stricken from the files, and why the defendant should not have such other and further relief in the premises as may be just. Let a copy of this order and accompanying papers be served upon the plaintiff's attorney forthwith." On the hearing of this order the plaintiff's attorney made an affidavit setting forth the reasons why said action was not revived within one year after the death of said plaintiff, and showing that the plaintiff was not in default at the time of his death in not serving a complaint in the action.

Upon the hearing of said order to show cause the circuit court made the following order, after reciting the facts: "Now, therefore, the court, being sufficiently advised in relation thereto, *ordered* that said 'supplemental complaint,' so called, be, and the same is hereby, stricken from the files, and the service thereof is hereby set aside, and the application of the administrator to revive and continue said action in the name of *D. L. Plumer* as such administrator is hereby denied with ten dollars' costs, on the ground that the application made by said *D. L. Plumer* to revive and continue this action was not made within the time required by law. Dated April 13, 1888. By the court, CHAS. M.

WEBB, Judge." From this order the plaintiff appeals to this court.

The cause was submitted for the appellant on the brief of *Neal Brown* and *L. A. Pradt*, and for the respondent on that of *Silverthorn, Hurley, Ryan & Jones* and *Bardeen, Mylrea & Marchetti*.

TAYLOR, J. It will be seen by the order appealed from that the learned circuit judge denied the relief prayed for by the plaintiff, but refused to grant the relief asked by the defendant, viz., the dismissal of the action. If the plaintiff was not entitled to the relief asked by him, then it would seem that under the provisions of sec. 2811, R. S., the action should have been dismissed. In this case there is no contention that the plaintiff's cause of action stated in the complaint filed did not survive after his death. It is contended, however, on the part of the learned counsel for the respondent, that as at the time of the death of the plaintiff no complaint had been made or served in the case, there was nothing in the record to indicate whether the action would or would not survive. The fact that the proceedings in the action at the death of the plaintiff or defendant do not disclose facts showing that the action survives, does not, we think, destroy the right to continue the same in favor of the representatives of the plaintiff or against the representative of the defendant, if in fact the real cause of action survives. Considering secs. 2803 and 2810 together, we think there can be no doubt as to the right of the plaintiff's representative to revive this action, upon motion, within one year after the death of plaintiff, upon showing by affidavit the death of the plaintiff after the action was commenced, and setting forth in such affidavit the fact that the action was commenced to recover against the defendant upon a cause of action which survives to his representative under sec. 4253, R. S. So we think there can be no doubt but the plaintiff

Plumer, Adm'r, etc. vs. The McDonald Lumber Co.

has the right to revive this action upon the facts stated in his sworn complaint, and upon the affidavit of his attorney, unless he is barred of his right by not reviving the action within one year after the death of the plaintiff. The sworn complaint states that the original action was commenced to recover damages for an injury to real and personal property, and so survives under sec. 4253. There is no denial of the facts stated in the complaint.

In view of the provisions of secs. 2803, 2810, 2811, R. S.,[1] it is evident that the death of the plaintiff does not dispose of the case finally until the expiration of two years after such death, except, perhaps, in a case where the plaintiff has served his complaint in his life-time and such complaint

[1] Secs. 2803, 2810, 2811, R. S., are as follows:

"Sec. 2803. In case of the death or other disability of a party, if the cause of action survives or continues, the court, on motion, at any time within one year thereafter, or afterwards, on a supplemental complaint, may allow or compel the action to be continued by or against his representatives or successor in interest.

"Sec. 2810. Whenever any person shall be entitled to revive or continue any action or proceeding interrupted by the occurrence of death, removal from a trust, or other disability, he may make and file with the clerk a supplemental complaint, affidavit, or petition, as the action or proceeding may be, and thereupon a notice to the other party, or his proper representative, of the time and place of such filing, and that unless he shows cause, if any he have, by answer or affidavit, within twenty days after service of such notice on him, exclusive of the day of service, why such action or proceeding should not be revived or continued, the same will stand revived or continued, according to such supplemental complaint, petition, or affidavit. . . .

"Sec. 2811. At any time after the death of the plaintiff, or after the plaintiff's marriage, where it affects the rights of either party, the court may, in its discretion, upon notice to such persons as it shall direct, and on the application of the adverse party, or of a person whose interest is affected, make an order that the action be dismissed, unless continued by the proper parties, within a time to be therein specified, not less than three months after the making thereof; and, unless so continued within such time, the same shall stand dismissed thereby, without further order."

Plumer, Adm'r, etc. vs. The McDonald Lumber Co.

states only a cause of action which dies with the plaintiff or defendant. This is evident from the provisions of sec. 2811, which gives the defendant, after the death of the plaintiff, the right at any time after such death to apply for and obtain an order dismissing the action, unless the action be revived within the time fixed by the courts. This section was a new section, taken from the New York Code, and placed in the Revision of 1878, so that a defendant might, after the death of a plaintiff in an action which survived, compel a revival of the action within a reasonable time after the death of such plaintiff, or have the case dismissed. Under that section he need not, in any case, await the action of the representatives of the plaintiff, either for one or two years after the death of the plaintiff, but may compel the revival within the time fixed by the order of the court, or have the action dismissed.

If the complaint had been served in the life-time of the plaintiff, it is not contended that the action could not have been revived after the expiration of one year from the death of the plaintiff, and within the two years prescribed by the statute. It is urged that when the plaintiff has not served his complaint, his time to revive the action is limited to one year, because it is said that in such case there can be no such thing as a supplemental complaint within the meaning of sec. 2803; that it can only be revived by motion, and that motion must be made within a year after death. We think this is too narrow a construction of the statute. We think, as there is no special provision of the statute limiting the right to revive an action when the plaintiff has died before he has served his complaint to one year, there should be no such limitation made by the court, especially since sec. 2811 gives the defendant the power to expedite the proceedings if he thinks the representative of the plaintiff is unreasonably dilatory. We think any complaint made by the representative of the deceased plaintiff

Plumer, Adm'r, etc. vs. The McDonald Lumber Co.

is a "supplemental complaint" within the meaning of the statute. Such complaint, in order to be a good one, must necessarily state facts which have occurred since the commencement of the action, or it would not be a good complaint. It must state the death of the plaintiff, the appointment and qualification of the representative of the deceased, as well as the facts constituting the original cause of action. The new facts occurring after the action was commenced, and which must be stated in the complaint made and filed by the plaintiff's representative, are necessarily supplemental to the facts necessary to be stated in the complaint made before the death of the plaintiff. This section should be construed in the light of the former practice in chancery to determine what is meant by "supplemental complaint." Under the old chancery practice every complaint made in the case after the commencement of the action would necessarily be supplemental in some respects to the original complaint, from the fact that the filing of the original complaint was the commencement of the action. The complaint or bill was always filed before process to bring in the defendants was issued or served. As every complaint to revive an action after the death of a party plaintiff in the old chancery proceedings would be in the nature of a supplemental complaint, we think our statute in regard to reviving an action by filing a supplemental complaint should be construed to mean any complaint filed for that purpose after the commencement of the action.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded with directions to enter an order reviving the action in favor of the plaintiff, and for further proceedings according to law.