JONES and others, Appellants, vs. GRAHAM and others, Respondents.

*May 5 — June 3, 1891.*

*Death of plaintiff: Revival of action in name of heirs.*

Sec. 2803, R. S., provides that on the death of a party, if the cause of action survives, the court may, on motion or supplemental complaint, allow or compel the action to be continued by or against his "representatives or successors in interest." Sec. 2806 provides that in all actions for the recovery of real property, if the plaintiff die before final judgment, "his heir, or his executor or administrator, for the benefit of the heir or creditors," may be admitted to prosecute the action. *Held,* that where the plaintiff in an action to set aside conveyances by himself of real and personal property, on the ground of undue influence, dies intestate pending the action, and the action is revived in the name of his special administrator, who stipulates with defendants for judgment settling the title to the realty, it is error to refuse the application of heirs of the deceased plaintiff to revive the action in their name and set aside the judgment.

APPEAL from the Circuit Court for *Dane* County.

It appears from the record, in effect, that Nelson T. Bromley, on May 13, 1887, was the owner of real estate and personal property to the amount in value of $20,000 and upwards; that on that day he conveyed and transferred all of his property to one *Mrs. Arndt;* that on the same day he executed a will giving to her all his property; that

at that time he was seventy-six years of age, having no children, and that his wife had died about two weeks before; that soon after the defendant *Graham* made a large claim for services against Bromley or his property, and commenced an action against him and *Mrs. Arndt* to recover thereon, claiming that Bromley was incompetent to make such conveyances and transfers; that June 14, 1887, in pursuance of such claim, *Mrs. Arndt* conveyed to *Graham* 160 acres of said land of the value of $5,000, and notes and mortgages so acquired to the amount of about $5,000 in value, in settlement of such suit; that June 30, 1887, *Mrs. Arndt* conveyed eighty acres of said land to one *Harrenden.*

On June 30, 1887, Bromley commenced an action in the circuit court against *Mrs. Arndt, Graham,* and his attorneys, and subsequently by an amendment against said *Harrenden,* to set aside said several conveyances and transfers from Bromley to *Mrs. Arndt,* and from her to the other persons named. July 2, 1887, notice of *lis pendens* was filed therein. July 5, 1887, W. H. Cole was appointed general guardian for said Bromley. July 11, 1887, said Cole, as such general guardian, was substituted as plaintiff in the action. July 12, 1887, said Cole was appointed receiver of all said property. In August, 1887, the respective defendants answered in said action.

On October 27, 1887, Bromley died, leaving debts not exceeding $900, exclusive of *Graham's* claim. October 29, 1887, said Cole was appointed special administrator of Bromley's estate. November 14, 1887, said Cole, as such special administrator, obtained an order reviving said action in his name. February 1, 1888, the county court refused to admit to probate the said will of said Bromley, on the ground that he was mentally incompetent to make a will, and that the same had been procured by the undue influence of *Mrs. Arndt.*

On February 29, 1888, *Graham* amended his answer, and set up a counterclaim for his said services. Prior to April 13, 1888, the respective parties in the action stipulated for the settlement thereof. In pursuance of such stipulations a judgment was rendered therein April 13, 1888, wherein, among other things, it was ordered and adjudged that the title to the 160 acres so conveyed to *Graham* be, and the same was thereby, adjudged to be in *Graham*, together with a certain portion of said personal property; that the title to the eighty acres so conveyed to the said *Harrenden*, be, and the same was thereby in all respects, confirmed and adjudged to be in said *Harrenden;* and that the convey- ance to said *Mrs. Arndt* of a certain other portion of said real estate be, and the same was thereby, set aside, and the title thereof adjudged to be in the heirs of said Bromley.

On June 8, 1888, said Cole was appointed general admin- istrator of the estate of said Bromley. July 25, 1888, no- tice was given to the creditors of said Bromley's estate to present their claims, and limiting the time for doing so to February 28, 1889. Said *Graham* never presented any claim to the county court against said Bromley's estate.

On May 10, 1889, the plaintiff *Jones* was informed of the terms of said settlement of April, 1888. March 15, 1890, the appellants, *T. N. Jones, Elmira E. Knott,* and *Sarah O. Wood,* filed a supplemental complaint or petition in said action, duly verified by them, and alleging that they were three of the heirs at law of said Bromley, deceased, and en- titled to the undivided one-fourth of the real estate of which he died seised, or to which he was entitled in fee, and that the same descended to and became their property upon his death; that the heirs of said Bromley were about twenty in number; that it was impracticable to bring them all be- fore the court; that they filed said supplemental complaint or petition to revive said suit on behalf of themselves and all other heirs of said Bromley who might come in and be

made parties to the suit, and pay their share of the costs and expenses thereof. Said supplemental complaint alleged, in effect, the facts stated, and prayed, in effect, that said action be revived on behalf of said heirs; that said compromise and settlement be declared null and void; and that said judgment be declared void as against said heirs. Upon the hearing of said motion and application, the same was overruled and denied by an order of the court, August 6, 1890. From that order the plaintiffs therein appeal.

For the appellants there was a brief by *S. A. Harper,* attorney, and *Pinney & Sanborn,* of counsel, and oral argument by *S. A. Harper* and *A. L. Sanborn.*

For the respondents there was a brief by *Rogers & Hall,* attorneys, and *Geo. W. Bird,* of counsel, and oral argument by *Mr. Bird* and *F. W. Hall.*

CASSODAY, J. The object of the action commenced in the name of Mr. Bromley, and continued in the name of his guardian, was to set aside the conveyances and transfers made by him to *Mrs. Arndt,* and by her to the other defendants, and to compel reconveyances and retransfers thereof to him. The grounds of the action were to the effect that at the time Bromley made such conveyances and transfers he was of unsound mind, and also that they were obtained without consideration, and by the undue influence, imposition, and fraud of *Mrs. Arndt.* It is conceded that the action so commenced and continued survived the death of Bromley. In fact the statutes declare, in effect, that no action shall abate by the occurrence of any event, if the cause thereof survives or continues, and also that actions for the recovery of personal property, or the unlawful withholding and conversion thereof, and all equitable actions to set aside conveyances of real estate, or to compel a reconveyance thereof, shall so survive. Secs. 2800, 4253, R. S. So the statute expressly provides that "in case of the death

or other disability of a party, if the cause of action survives or continues, the court, on motion, at any time within one year thereafter, *or afterwards* on a *supplemental complaint*, may allow or compel the action to be continued by or against his *representatives or successor* in interest." Sec. 2803, R. S.; *Plumer v. McDonald L. Co.* 74 Wis. 137. The method of proceeding to revive such action is prescribed by sec. 2810, R. S. When not so revived, the court may, in its discretion, and upon notice, dismiss the action. Sec. 2811, R. S. The rule is general and well recognized that where a sole plaintiff dies during the pendency of an action, and the cause of action continues in favor of another, nothing further can be done in the action until the person in whose favor the cause of action survives is brought before the court by some proper proceeding. *La Pointe v. O'Malley*, 47 Wis. 338, and cases there cited. Undoubtedly in the case at bar the action was properly revived in the name of the special administrator, as to the personal property and the rents, issues, and profits of the real estate. The statute gave to such special administrator, particularly with the approval of the court, the power to collect all the goods, chattels, and credits of the deceased, to care for, gather, and secure crops, and preserve all the property of the deceased, for the executor or administrator who might afterwards be appointed, and "*for such purposes*" to "commence and *maintain* actions as an administrator." Sec. 3811, R. S.; *Jefferson County Bank v. Robbins*, 67 Wis. 68. The only controversy here is whether, upon the action being so revived in the name of such special administrator alone, it was competent for the court to determine and extinguish the title of the heirs of the deceased to any of the real estate, without any of such heirs being made parties to the action. To fully appreciate the question presented, regard should be had to the legal title and rightful succession to the real estate, as well as to the personal property, upon

the death of Mr. Bromley. The refusal of the county court to admit the alleged will of the deceased to probate made that paper ineffectual for any purpose. Sec. 2294, R. S. This being so, he must be regarded as having died intestate. The result is that the legal title and right to the possession of the personal property became, on his death, vested in the administrator for the payment of debts, expenses, and final distribution to the parties entitled, under the orders of the court. *Estate of Kirkendall,* 43 Wis. 167, 179; *Marshall v. Pinkham,* 52 Wis. 590; *Melms v. Pfister,* 59 Wis. 192. On the other hand, subject to the payment of his debts, the title of the real estate became vested in his heirs at law immediately upon his death. *Ibid.; Jones v. Billstein,* 28 Wis. 221; *Marsh v. Waupaca Co.* 38 Wis. 250; *Root v. McFerrin,* 75 Am. Dec. 49. In other words, by such devolution, the legal title to such real estate at once became vested in such heirs; and the serious question presented is whether such title could be divested without process against them, or their being parties to the action, or having an opportunity of being heard.

The principle involved seems to have been determined by adjudications of this court. In *Stark v. Brown,* 12 Wis. 572, 78 Am. Dec. 762, the defendant was in possession, and claimed title under a foreclosure sale to which only the representative of the mortgagee and the administrator of the mortgagor were parties, and one of the heirs of the mortgagor and the successors of his other heirs brought an action of ejectment; and it was held, in effect, that the equity of redemption descended to the heirs of the mortgagor, and was not barred by the foreclosure sale in an action to which neither such heirs nor their successors in interest were parties. To the same effect is *Childs v. Childs,* 10 Ohio St. 339, 75 Am. Dec. 512, and note, In *Zægel v. Kuster,* 51 Wis. 31, it was held that "when a mortgagor dies pending an action to foreclose the mortgage, all per-

sons who succeed by his death to his interest in the land should be made defendants in his stead; and any such person, not made a party, will retain the right to redeem, notwithstanding the foreclosure and sale;" and accordingly it was held that the heir at law, not a party to the action, could maintain a bill to redeem. In that case it was held that the words "proper representative," as used in sec. 2810, R. S., included the heir at law who succeeded to the title of the real estate, and that such construction was more apparent by the words "his representatives *or successor in interest*," as used in sec. 2803, R. S., quoted above. To the same effect is *Posten v. Miller*, 60 Wis. 494.

That the heirs at law, in the case at bar, where the court has attempted to divest them of their title to real estate, are the proper parties to revive the action so far as it may affect such realty, is also apparent from another section of the statute which provides that, "in all actions for the recovery of real property, if the plaintiff, or any of several plaintiffs, shall die before final judgment, *his heir*, or his executor or administrator, *for the benefit of the heir or creditors*, may, within such time as the court shall allow, be admitted to prosecute the action in his stead, with the same effect as if the action had been so originally commenced." Sec. 2806, R. S. The right thus given to an executor or administrator to act for the benefit of the heir or creditors in certain cases does not preclude the necessity of making the heir a party whenever it is sought to absolutely divest him of his title to the realty, as was here attempted to be done, in his absence, by stipulation and judgment.

We are clearly of the opinion that such heirs have the right to a hearing before being divested of their title to the real estate, either by reviving this action in their names or by an independent action; and, since the equities can be more satisfactorily adjusted in this action, where all concerned can have a full hearing, we think it was error to

deny the application. We have purposely refrained from expressing any opinion on the merits. It may be that the original parties to the action have the right to insist upon all the heirs being made parties.

· *By the Court.*— The order of the circuit court is reversed, and the cause is remanded for further proceedings according to law.