FLEMING and another, Appellants, vs. ELLISON, Administrator, Respondent.

*January 11—January 31, 1905.*

*Action for specific performance: Recovery of damages: Changing cause of action: Death of party: Revival of action: Laches: Discretion.*

1. If, pending an action for specific performance of a contract to convey land, defendant has, by a sale to another person, put it out of his power to convey to plaintiff, the latter may, in such equitable action, recover his damages for the breach of contract.

2. Where in such a case the defendant died after conveying the land to a third person, and plaintiffs, by a supplemental complaint, elected to take damages in lieu of specific performance, the cause of action was not changed from equity to law, and the action might be revived against defendant's administrator.

3. Upon an application to revive and continue an action against representatives of a deceased defendant the question of laches is not, as in the case of a limitation, a mere matter of time, but is principally a question of the inequity of permitting the claim to be enforced—an inequity founded upon some change in the condition or relation of the property or parties.

4. An action for specific performance of a contract to convey land was commenced in March, 1900, and noticed for trial, by plaint-

iffs, at the May term, 1901. Defendant obtained a continuance against plaintiffs' objection, on the ground of his poor health. Neither party attempted to bring the case to trial at the October term, 1901, or the May term, 1902, plaintiffs believing that defendant was still in poor health, which was the fact. He died in October, 1902. He had conveyed the land in question to a third person in August, 1900. An administrator was appointed in January, 1903. In January, 1904, on a supplemental complaint, electing to take damages instead of specific performance, plaintiffs applied to have the action revived against the administrator. No claim for such damages had been presented against defendant's estate, and when the motion was heard the time for such presentation had expired. No loss had resulted to the administrator by reason of the delay after the defendant's death. *Held*, that there had been no laches warranting the denial of the motion to revive, and that such denial was an abuse of discretion. WINSLOW, J., dissents.

APPEAL from an order of the circuit court for Chippewa county: A. J. VINJE, Circuit Judge. *Reversed.*

This action was brought March 22, 1900, against one Thomas Carmichael, to compel specific performance of a contract dated August 5, 1899, by which defendant agreed to convey certain lands in Chippewa county to plaintiffs for $4,125. The complaint, after alleging the terms of the contract, avers that plaintiffs tendered to defendant the contract price and demanded a deed, which defendant refused to execute. Defendant answered, admitting the ownership of the lands, making of the contract, and refusal to execute a deed; alleging as a reason that plaintiff *Donnellan* misrepresented the value of the lands.

It further appears that plaintiffs moved the court for an order amending the title of the action, and to revive against the administrator, and filed a supplemental complaint alleging that on August 6, 1900, defendant conveyed the lands to one Smith, by warranty deed, for $5,625, which was duly recorded; that defendant thereby placed it beyond his power and the power of his personal representatives to fulfill his contract; that by such sale defendant had sold the lands for

$1,500 more than the amount of the contract price with the plaintiff; that on October 13, 1902, defendant died; that on January 6, 1903, *A. F. Ellison* was appointed administrator; that at the time of sale to Smith the lands were worth $6,525, and, because defendant had placed it out of his power and the power of his heirs and representatives to fulfill his contract, plaintiffs elected to recover the profits of the sale, amounting to $1,500, and demanded judgment for $1,500, interest and costs, together with such other and further relief as to the court might seem just and equitable.

Plaintiffs noticed the case for the May term, 1901. Defendant on May 9, 1901, applied for continuance, which was denied. The application was renewed on May 18, 1901, and granted, against the objection of plaintiffs. The grounds of the application for continuance were that defendant was in poor health and unable to attend trial. At the time of continuance Carmichael was not confined to his bed, but was up and around—being, however, in poor health—and continued to fail up to the time of his death. For a few months prior to his death he was unable to attend to business.

Neither party attempted to bring the case to trial at the October, 1901, and May, 1902, terms of court; the failure of the plaintiffs to notice the case being because of the former continuance on account of ill health of Carmichael, and belief that he had not in the meantime recovered. It further appears that the plaintiffs for a period of about four months expended much time and money in endeavoring to sell the lands; that conversations were had between plaintiffs' attorney and the administrator concerning motion to revive, and no desire was expressed on the part of the administrator to have the matter speedily heard; that the administrator has lost nothing by the delay since the death of Carmichael; and that the time for plaintiffs to file their claim against the estate of Carmichael had elapsed when motion to revive was heard.

From the order overruling the motion to revive, this appeal is taken.

For the appellants there was a brief by *Wickham & Farr*, and oral argument by *James Wickham*.

*W. F. Bailey*, for the respondent.

KERWIN, J.   The question involved is whether the court erred in denying plaintiffs' motion to revive and continue the action against the administrator.   It does not appear upon what grounds the court below denied the motion, but it is contended by respondent, first, that the supplemental complaint on motion to revive changed the action from one in equity to one at law, which could not be done and the action revived against the administrator; and, second, that the plaintiffs were guilty of such laches as to justify the court in denying the application to revive.

1. It is not denied that at the time of the death of Carmichael the plaintiffs had a good cause of action in equity, which survived; but it is contended that because the plaintiffs, in their supplemental complaint, elected to take damages in lieu of specific performance after Carmichael had put it out of his power to perform, this amounted to a change of the cause of action from equity to law, which could not be done and the action continued against the administrator of Carmichael.   We think this proposition is untenable.   It is well settled that "if a person in good faith brings an action in equity, alleging facts sufficient to constitute a good cause of action within some recognized principle of equity jurisprudence, but fails to establish some fact essential thereto, yet does establish a state of facts entitling him to some relief by way of damages or otherwise, the court will not dismiss the bill and thereby render further litigation necessary, but will retain it and render such judgment as will do complete justice between the parties."   *Franey v. Warner*, 96 Wis. 222, 71 N. W. 81; *Gates v. Paul*, 117 Wis. 190, 94 N. W.

55; *Combs v. Scott,* 76 Wis. 662, 45 N. W. 532. This doc-
trine applies to equitable actions for specific performance of
contracts for the sale of real estate, where pending the action
the party who agreed to convey has put it out of his power to
do so by a sale of the real estate. *Hall v. Delaplaine,* 5 Wis.
206; *Combs v. Scott,* 76 Wis. 662, 45 N. W. 532. The mo-
tion to revive was to revive the action then pending, which
was equitable in its nature, but which nevertheless gave
plaintiffs the right to recover damages because defendant had
put it out of his power to convey. No relief being sought by
the supplemental complaint, other than what the plaintiffs
would have been entitled to against Carmichael after he had
put it out of his power to convey, the cause of action was not
changed from equity to law, but plaintiffs were entitled to
damages in the equitable action. *Hall v. Delaplaine,* 5 Wis.
206; *Combs v. Scott,* 76 Wis. 662, 45 N. W. 532; *Franey
v. Warner,* 96 Wis. 222, 71 N. W. 81; *Gates v. Paul,* 117
Wis. 170, 190, 94 N. W. 55. In *Hall v. Delaplaine, supra,* it
appears that the land was conveyed to a third party without
notice, and it was held that a court of equity would retain
the action and award damages; and in *Combs v. Scott, supra,*
it appears that the purchaser had notice, but the court held
specific performance ought not to be enforced on account of
the gross laches of the plaintiff, and further held that, be-
cause the statute of limitations had run against the plaintiff
in the action at law, the court of equity should hold the case
and award plaintiff his damages. It will be seen that the
facts in the case at bar bring the plaintiffs within the doc-
trine of the above cases, and entitle them to recover damages
in the action pending at the time of Carmichael's death,
growing out of the breach of his contract with plaintiffs. It
therefore follows that the revival should be against the ad-
ministrator, and not against the heirs. Secs. 3501, 3907,
Stats. 1898; *Cotter v. Plumer,* 72 Wis. 476, 40 N. W. 379.

2. The next question to be considered is whether the plaint-

iffs were guilty of such laches as to warrant the court in deny-
ing the motion to revive. Sec. 2800, Stats. 1898, provides:

"An action does not abate by the occurrence of any event,
if the cause of action survives or continues."

Sec. 2803, Stats. 1898, provides:

"In case of the death or other disability of a party, if the
cause of action survives or continues, the court, on motion,
at any time within one year thereafter or afterwards, on a
supplemental complaint, may allow or compel the action to
be continued by or against his representatives or successor in
interest."

This section is permissive, and not mandatory, but con-
tains no limitation upon the time in which a revival may be
had upon supplemental complaint. Sec. 2811a, Stats. 1898,
being ch. 119, Laws of 1897, provides, in effect, that the cir-
cuit courts and superior courts may dismiss actions which
shall not be brought to trial within five years from the com-
mencement thereof. This statute was passed after the decis-
ions of this court in *Cavanaugh v. Scott,* 84 Wis. 93, 54 N. W.
328, where the motion to revive was made eighteen years after
the commencement of the action, and *Carberry v. German
Ins. Co.* 86 Wis. 323, 56 N. W. 920, where motion to revive
was made about twelve years after the commencement of the
action, and indicates the legislative policy that actions should
not be permitted to slumber indefinitely, but that a reasonable
time should be allowed within which to prosecute them, and
provides a limitation. In the case at bar the delay was slight.
The action was commenced in March, 1900; Carmichael died
October 13, 1902; and the respondent has not been preju-
diced by delay since the death of Carmichael. The general
policy of the law favors the revival of actions and trial on the
merits, when the interests of justice will be promoted and no
unnecessary prejudicial laches is shown. *Jones v. Jones,* 74
N. Y. Supp. 297; *Landis v. Olds,* 9 Minn. 90; *Plumer v. Mc-
Donald L. Co.* 74 Wis. 137, 42 N. W. 250; *Jones v. Graham,*

80 Wis. 6, 49 N. W. 122; *Bloor v. Smith,* 112 Wis. 340, 87
N. W. 870. It appears that if the action be not revived the
plaintiffs' rights will be lost, because the time within which to
present their claim against the estate of deceased has elapsed.
The case therefore comes within the doctrine of *Hall v. Dela-
plaine,* 5 Wis. 206, and *Combs v. Scott,* 76 Wis. 662, 45
N. W. 532, unless the plaintiffs have lost their rights to revive
by laches. A brief reference to the facts will show that the
plaintiffs were not guilty of laches. The plaintiffs seasonably
moved the case after the commencement thereof, and the de-
fendant Carmichael obtained a continuance over the May,
1901, term, against the objections of plaintiffs, on account of
defendant's illness. The defendant was up and around at the
time of the continuance, and perhaps as well able to attend
trial and give his evidence as he was at any time thereafter
up to the time of his death, and much better than for a period
of about three months immediately preceding his death. The
plaintiffs believed that any attempt on their part to bring
the case to trial after the continuance of May, 1901, would
be resisted by defendant on account of his illness, and it ap-
pears from the facts disclosed that they were justified in such
belief. In *Cavanaugh v. Scott,* 84 Wis. 93, 54 N. W. 328,
relied upon by respondent, the delay for a period of eighteen
years, and which greatly prejudiced the defendant, was "un-
explained and inexcused;" and this court there said: "An ap-
plication to revive and continue an action must be decided
upon all the facts and circumstances of the case, whether oc-
curring before or after the death of the party, with a view to
the ends of substantial justice." 84 Wis. 99, 54 N. W. 329.
In the case of *McCann v. Welch,* 106 Wis. 142, 81 N. W.
996, in speaking on the subject of laches, at page 149 (81
N. W. 998), this court says:

"Courts of equity, however, are not dependent on statutes
of limitation for their right to deny hearing to those who un-
duly have slumbered on their rights. This power has been

exercised by those courts from the earliest times, with no fixed rule, however, as to the lapse of time necessary or sufficient to exclude a suitor from their forum. Very great lapse of time, if reasonably excused and without apparent hurt to the defendant, has been ignored; and, again, very slight delay, accompanied by circumstances of negligence, apparent acquiescence, or change of defendant's position, has sufficed."

All the cases proceed upon the theory that laches is not, like limitation, a mere matter of time, but principally a question of the inequity of permitting the claim to be enforced—an inequity founded upon some change in the condition or relation of the property or parties. *Galliher v. Cadwell,* 145 U. S. 368, 12 Sup. Ct. 873. The elements of abandonment and acquiescence are entirely wanting in the case at bar. Neither has there been any change in the respondent's condition, occasioned by the delay. It is true, he lost the evidence of Carmichael, if that were material, in aid of his defense. The delay during which Carmichael died was induced, or at least contributed to, by the defendant. This loss, if it be a loss, is not chargeable to the plaintiffs.

We are therefore of the opinion that the court below abused its discretion in denying the motion to revive, and that the order should be reversed.

*By the Court.*—Order reversed, and the cause remanded to the court below for further proceedings according to law.

WINSLOW, J. (*dissenting*). I take no issue with the proposition that if a plaintiff, who has in good faith brought an action in equity, fails for some reason to establish his equitable right, but shows himself entitled to legal relief, the court will ordinarily retain the action and grant the proper legal relief. I do not consider this principle, however, to be the controlling proposition in this case. It is undisputed here that the plaintiffs knew of Carmichael's conveyance of the land in question at about the time it took place—i. e., in

August, 1900; that Carmichael died in October, 1902; and that the plaintiffs, knowing the facts rendering specific performance impossible, and hence that money damages would be their sole relief, allowed the time fixed by the statute for filing claims against the deceased to pass. They then came into court and asked a court of equity to allow the action to be revived, not to obtain specific performance of the contract, but for the purpose only of obtaining a money judgment, which they say they elect now to take. Now, while this may not be strictly the substitution of a cause of action at law for one in equity (although it certainly comes very near it), it must be conceded that this motion presented to the trial court a question of discretion. That court evidently concluded that in view of the fact that the plaintiffs, with knowledge of all the facts, had allowed the full period for the presentation of claims against the estate to pass, it would not allow the action in equity to be revived simply for the sake of recovering a claim for money which should properly have been presented to the probate court. There was here a question of discretion, and the order should not be reversed except for abuse of discretion, and it seems to me this has not been shown.