JACOBI and another, Respondents, vs. RUBICON MALTING & GRAIN COMPANY, Appellant.

*March 9—May 31, 1921.*

*Factors: Failure to sell: Contributory negligence not a defense: Damages: Market value: Sufficiency of evidence: Recovery of interest: Appeal: Mistrial as to one issue: Disposition of case.*

1. In an action for breach of an agreement to sell plaintiffs' barley as instructed by them, contributory negligence was not an issue, since, if plaintiffs directed the defendant to sell, it became its duty to exercise reasonable diligence to execute the direction, while if no directions were given defendant was relieved of liability, not because of contributory negligence but because no duty was placed upon it to act.

2. Where it appeared that the barley could have been sold, after directions were given by plaintiffs, by May 8th, but there was no evidence as to the market price on that date and there was a sharply fluctuating market, evidence of the market price on May 2d and May 15th would not support a finding for plaintiffs.

3. Where all other issues were determined on competent evidence, but there was no sufficient evidence as to market value, the cause will be remanded with directions to take evidence on that issue, unless the parties stipulate as to the value, and to enter judgment accordingly.

4. The defendant having agreed to sell plaintiffs' barley, the law implied a promise to pay plaintiffs when it received returns on the sale, and interest was recoverable from such time without demand.

APPEAL from a judgment of the circuit court for Dodge county: MARTIN L. LUECK, Circuit Judge. *Reversed.*

Action for damages caused by the failure of the defendant, which had agreed to sell plaintiffs' barley consisting of about 812 bushels, to follow instructions given it as to the sale thereof. The cause was submitted to the jury upon a special verdict containing ten questions, only three of which were material to the issues, namely: (1) Did the plaintiffs give directions on April 17, 1918, to ship their barley? (2) After receiving such instructions, how soon,

in the exercise of reasonable diligence, could the defendant have shipped it? and (3) the question of damages. The jury found that instructions to ship were given by plaintiffs on April 17, 1918; that within twenty-one days, or on May 8, 1918, the defendant in the exercise of reasonable diligence could have shipped the barley, and damages in the sum of $260. This item of $260 was in addition to $1.23 per bushel, amounting to about $990, the price at which the barley sold for July 13, 1918. The court awarded judgment to plaintiffs, with interest on both sums from July 13, 1918, and the defendant appealed.

For the appellant there was a brief by *Sawyer & Sawyer* of Hartford, and oral argument by *E. W. Sawyer.*

For the respondents there was a brief by *Russell & Foote* of Hartford, and oral argument by *J. C. Russell* and *J. J. Foote.*

The following opinion was filed April 5, 1921:

VINJE, J. The defendant argues the question of plaintiffs' contributory negligence at great length. It has no place in the case, and the court properly set aside the answer of the jury finding plaintiffs guilty of contributory negligence, both on the ground that there was no evidence, as he found, to sustain it, and on the ground that it was not an issue in the case. If plaintiffs gave defendant directions to sell the barley it became its duty to exercise reasonable diligence to execute such directions. If no directions were given, that would constitute no negligence on the part of plaintiffs affecting defendant's liability, though the failure to give such directions might relieve defendant of liability, not because of contributory negligence but because no duty was placed upon it to act.

We have carefully examined the evidence and reach the conclusion that it sustains the finding that plaintiffs ordered the barley sold on the 17th of April, and that in the exer-

cise of reasonable diligence defendant could have shipped it within twenty-one days. That would have been by May 8th. There is no evidence as to the market price of barley on May 8th. The nearest dates are May 2d, when barley was worth from $1.68 to $1.79 at Milwaukee, and on May 15th, when it sold for $1.38 to $1.42 at the same place. The jury evidently took a mean between these prices, as they found the damages about thirty-two cents per bushel. This added to $1.23, at which it sold, would make the price $1.55 per bushel. As the market price at or near May 8th is not in evidence, the finding of the jury is not supported by sufficient evidence in view of the sharply fluctuating market.

Since all the other issues are determined upon competent evidence, the cause will be remanded with directions to take evidence as to the market value of barley on May 8, 1918, if the parties will not stipulate its value, and to enter judgment for plaintiffs for the price per bushel so found or stipulated, with interest thereon from July 13, 1918, when returns on the sale were had and when defendant offered to pay plaintiffs $1.23 per bushel for the barley, which they refused to accept, demanding more.

It is held in·*Laycock v. Parker,* 103 Wis. 161, 185 *et seq.,* 79 N. W. 327, that when the amount of a demand can be fairly ascertained by reference to market prices, not necessarily by definite quotations on the ·board of trade, interest is allowable from the time of demand. In such case the law implies a promise to pay the whole amount when due and that if it is not paid legal interest can be recovered, because the defendant is enriched to that extent by the use of the money withheld and the plaintiff is deprived of the value of the use thereof which rightly belongs to him. Under· the agreement between the parties the law implied that defendant would pay plaintiffs when it received returns on the sale of the barley. The case, therefore, irrespective of

the demand that was made for more than $1.23 per bushel, falls within the class mentioned in *State v. Milwaukee,* 158 Wis. 564, on p. 574 (149 N. W. 579). It is there said:

"But where the time of payment is fixed by contract or by law and the amount to be paid is easily ascertainable and the duty to pay plain, no demand is necessary to start the running of interest, whether the claim be against an individual or a municipality." Citing *Laycock v. Parker,* 103 Wis. 161, 79 N. W. 327; *Land, L. & L. Co. v. Oneida Co.* 83 Wis. 649, 53 N. W. 491; *Travelers' Ins. Co. v. Fricke,* 99 Wis. 367, 375, 74 N. W. 372, 78 N. W. 407; *State v. Mc-Fetridge,* 84 Wis. 473, 530, 531, 54 N. W. 1, 998.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings as directed in the opinion.

A motion for a rehearing was denied, with $25 costs, on May 31, 1921.