GUARDIANSHIP OF DECKER: VILLAGE OF GREEN LAKE, Respondent, vs. OSTRANDER, guardian *ad litem*, Appellant.

*September 20—October 16, 1923.*

*Paupers: Claim of municipality for support furnished: Property subject to charge.*

1. By sec. 49.10, Stats., the legislature intended to subject the property of a poor person receiving relief at public charge to the support of such person, where the property is of such value as to make it reasonable to do so; but the property which is subject to a claim for support by a municipality or a public institution is that possessed by the poor person during the time the support was furnished, and not after-acquired property.

2. The rule *Ita lex scripta est* applies only where a statute is plain and unambiguous; otherwise it is the spirit of the law that controls.

APPEAL from a judgment of the circuit court for Green Lake county: CHESTER A. FOWLER, Circuit Judge. *Reversed.*

This appeal was by the guardian of Ellen Decker, incompetent. Ellen Decker is an old lady, and between June 1, 1914, and April 4, 1921, was a charge upon the village of *Green Lake* for support, the village having paid out therefor a total of $1,429.70. Since July 10, 1915, she has had on deposit in a local bank $35, to which various small deposits were added from time to time, the last one on December 22, 1919, and the total amounting to $79. On June 1, 1920,

Ellen Decker became the equitable owner of an estate left by her deceased son, which has since been reduced to cash and amounts to $2,676.49.

After Mrs. Decker became possessed of the estate of her son, the village of *Green Lake* filed a claim in the county court for the amount of its disbursements in her behalf. The county court disallowed that proportion of the disbursements for her support which were incurred prior to the time of her first deposit in the bank, and allowed the balance of the claim. On appeal to the circuit court the findings of the county court were sustained and judgment entered for the amount so allowed, from which appeal is taken to this court by the guardian.

Sec. 49.10, Stats., is as follows:

"If any person who has received any relief, support, or maintenance at public charge, under this chapter or as an inmate of any state or municipal institution, was at the time of receiving such relief, support, or maintenance the owner of property, the authorities charged with the care of the poor of the municipality, or the board in charge of the institution, chargeable with such relief, support, or maintenance may sue for and collect the value of the same against such person and against his estate. In any such action or proceeding the statutes of limitation shall not be pleaded in defense; but the court may, in its discretion, refuse to render judgment or allow the claim in favor of the claimant in any case where a parent, wife, or child is dependent on such property for future support. The records kept by the state or municipality for the purpose of showing the names and the value of the relief, support, or maintenance furnished shall be *prima facie* evidence."

For the appellant there was a brief by *G. E. Ostrander,* guardian *ad litem,* and *Kelley & Ostrander,* of counsel, all of Princeton, and the cause was argued orally by *J. L. Kelley.*

*John J. Wood* of Berlin, for the respondent.

CROWNHART, J.   The claim is founded on sec. 49.10, Stats., which is to the effect that if any person who has received relief at public charge, as an inmate of any state or municipal institution, was at the time of receiving such relief the owner of property, the authorities charged with his care "may sue for and collect the value of the same against such person and against his estate."

The question before this court is one of interpretation of the statute.   It is claimed on the part of the appellant that the statute should be construed to charge the property which the incompetent person had at the time the support was furnished, and not charge property that might come into her future possession.   On the other hand, the respondent claims that the law in express terms provides for collection against the property she had at the time the support was furnished and also against any property she might obtain in the future.

The trial court adopted the rule *Ita lex scripta est.*   That rule applies where the statute is plain and unambiguous; otherwise it is the spirit of the law that giveth life.   Taking into consideration the whole statute, we do not consider it so plain that different interpretations may not reasonably follow.   If the legislature had intended to charge any property that might be acquired in the future with past support, it would have been easy to so declare in direct terms.   It did not do so.   It provided that suit might be commenced only in case the public charge should have property at the time the relief was furnished.   That fact alone would give a court jurisdiction to entertain an action.   The statute then provides that the proper authority "may sue for and collect the value of the same."   To what does "the same" refer,—the value of the support, or the value of the property?   Manifestly, the authorities could not collect the value of the support unless the property was of sufficient worth to satisfy the claim.   And of course if the value of the property exceeded the value of the support the claimant

would not be entitled to the excess. We think the statute must be construed under familiar rules looking to its purpose and avoiding a construction leading to absurd results. Manifestly, the legislature intended to subject the property of the poor person to her support where the property was of such value as to make it reasonable to do so. Hence, a poor person might have some personal effects without subjecting her to a suit at law. If the value of the property possessed alone would be available to satisfy the claim, no action would be brought unless it was substantial. Nor can we believe that the legislature contemplated foreclosing the poor person from the possibility of liberation at some future time if she might come into possession of means of taking care of herself. We construe the statute to mean that the property possessed by the poor person may be subjected to the claim for support by the village during the time it was so possessed and no other. The village was entitled to judgment for the amount which Mrs. Decker had in the bank and for the aid furnished her after she became possessed of her son's estate, together with interest on the amounts after they became due.

*By the Court.*—The judgment of the circuit court is reversed, with directions to enter judgment in accordance with this opinion.