GUARDIANSHIP OF ANGLE: MONROE COUNTY, Respondent,
vs. MOONEY, Guardian, Appellant.

*April 10—May 6, 1924.*

*Paupers: Recovery by county for relief furnished: Interest: Necessity for demand.*

1. Where an indigent incompetent who was being supported by a county came into possession of an inheritance, the county could recover, under sec. 49.10, Stats., only for support furnished subsequent to the time when he came into possession of the inheritance.   p. 649.
2. The county was entitled to interest on the amount expended for such support after the receipt of the inheritance, only from the date on which a demand on the estate for payment was made; and the filing of the claim against the estate constituted such a demand.   p. 650.

APPEAL from a judgment of the county court of Monroe county: R. A. RICHARDS, Judge.   *Reversed, with directions.*

It appears that George Angle was committed to the poor farm of Monroe county January 30, 1899.   He remained an inmate of such farm until March 23, 1903, when he was adjudged insane and committed to the Monroe county hospital for the insane, since which time he has been continuously an inmate of said institution.   From the time of his commitment until the month of June, 1919, he had no property of his own.   His sister died June 9, 1919, from whom he inherited the sum of $8,500.   He has no parent, wife, or child dependent upon said property, or upon himself, for present or future support.

On the 29th day of August, 1919, *F. J. Mooney* was appointed general guardian of George Angle by the county court.   Thereafter the county of *Monroe* duly made and filed its claim against the estate of said George Angle for the reasonable value of his support and maintenance on the poor farm as well as in the hospital for the insane.   The county court rendered judgment in favor of the county and against the estate for the sum of $3,209.04, being the

amount which the court found to be the reasonable value of his support during the entire time of his commitment to the poor farm and the hospital for the insane. From this judgment the general guardian appealed.

The cause was submitted for the appellant on the brief of *T. P. Abel* of Sparta, and for the respondent on that of *Wm. M. Gleiss* of Sparta.

OWEN, J. The county bases its right to recover upon sec. 49.10, Stats., which provides:

"If any person who has received any relief, support, or maintenance at public charge, under this chapter or as an inmate of any state or municipal institution, was at the time of receiving such relief, support, or maintenance the owner of property, the authorities charged with the care of the poor of the municipality, or the board in charge of the institution, chargeable with such relief, support, or maintenance may sue for and collect the value of the same against such person and against his estate. In any such action or proceeding the statutes of limitation shall not be pleaded in defense; but the court may, in its discretion, refuse to render judgment or allow the claim in favor of the claimant in any case where a parent, wife, or child is dependent on such property for future support. The records kept by the state or municipality for the purpose of showing the names and the value of the relief, support, or maintenance furnished shall be *prima facie* evidence."

Since the judgment of the county court herein, this court construed sec. 49.10 in *Guardianship of Decker*, 181 Wis. 484, 195 N. W. 316. It was there held that only such property as was possessed by the indigent person at the time of receiving the support and maintenance could be subjected to payment therefor by the municipality affording the relief. It follows that that portion of the judgment permitting a recovery by the county for support and maintenance prior to the time George Angle came into possession of the inheritance from his sister is erroneous. The recovery should have been limited to support and maintenance furnished sub-

sequent to the time when he came into possession of such inheritance. This is conceded by the district attorney. He contends, however, that the county is entitled to interest on the specific amounts chargeable by law for each year subsequent to that time.

The statute does not fix the amount for which the person supported is liable, nor does it fix the time when such amount is due. In *State v. Milwaukee,* 158 Wis. 564, 149 N. W. 579, it is said:

"Where no time of payment is fixed, or where a claim is unliquidated, or where the question of liability is so involved in doubt that there are reasonable grounds for believing that no liability exists, a demand is, in the absence of peculiar equitable considerations, necessary to set interest running. . . . But where the time of payment is fixed by contract or by law and the amount to be paid is easily ascertainable and the duty to pay plain, no demand is necessary to start the running of interest, whether the claim be against an individual or a municipality."

The first part of this rule is applicable to the present situation. A demand was necessary to start interest running, and interest may be allowed only from the date upon which a demand on the estate was made. If no demand was made, the filing of the claim against the estate constituted such a demand.

It follows that the judgment must be reversed, and the cause remanded with instructions to render judgment in favor of the county for the value of the support and maintenance furnished the incompetent subsequent to the date upon which he came into possession of the inheritance from his sister, together with interest thereon from the date of a demand therefor.

*By the Court.*—So ordered.