ESTATE OF DRAPER: YAHR & LANGE DRUG COMPANY, Respondent, vs. DRAPER, Administratrix, Appellant.

*March 12—June 22, 1925.*

*Interest: Failure of findings to provide for: Judgment when successful party is entitled to interest: Open account: When interest begins: Demand.*

1. Where a claimaint on account against an estate for merchandise sold to the deceased was clearly entitled to interest, although no mention thereof was made in the findings, a judgment awarding interest is not improper.   p. 349.
2. Such interest is allowable only after demand for the amount due and not from the date of furnishing the last item.   p. 350.

APPEAL from a judgment of the county court of Milwaukee county: M. S. SHERIDAN, Judge. *Modified and affirmed.*

The cause was submitted for the appellant on the brief of *Hugo J. Trost,* attorney, and *Olwell & Brady* and *George A. Gessner,* of counsel, all of Milwaukee, and for the respondent on that of *Louis R. Potter* of Milwaukee.

The following opinion was filed April 7, 1925:

JONES, J.   This action is based on a claim by the *Yahr & Lange Drug Company* for $964.36 against the estate of William C. Draper, deceased.   The claim was heard at the same time as that of the F. Dohmen Company against the same estate and many of the facts are the same as in the case of the *F. Dohmen Co. v. Draper,* herewith decided (*ante,* p. 342, 203 N. W. 358), and need not be repeated.   On the death of Mr. Draper there was due to the claimant for goods furnished the sum of $968.31.   Mr., Busse, the credit man of the claimant, testified that after the death of Mr. Draper orders came from *Mrs. Draper* for liquors amounting to between two and three hundred dollars, in the early part of September, 1920; that the shipment was stopped, and that over the telephone the following conversation took place:

"We positively couldn't extend any more credit to the store and all purchases would have to be for cash, and I told her I wouldn't ship her any goods in the future unless she

Estate of Draper, 187 Wis. 347.

would accept them C. O. D., or, if she preferred, she could send us some money, enough to cover these orders, and we would fill the orders until the moneys were used. She says, 'If I send you $600, will you ship the goods?' I says, 'Yes; we will ship you goods until the $600 are used up and then you will have to send us some more, for future shipments.' The following morning the check was there for $600 and we shipped her the goods. That is all the conversation. I never talked to her again after that."

*Mrs. Draper's* version of the talk was quite different. On being told by her manager in the store she was operating that the *Yahr & Lange Company* wanted a check, she testified that she said:

"I said very well, so I called up Mr. Busse and I asked for the credit department, and I asked him if he could tell me just exactly how much the amount was and he told me $900. I asked him if I could send him a $600 check and if that would make it all right and he said it was. He said, '*Mrs. Draper*, are you going to operate the store?' I said, 'Yes, I am going to operate it to pay, so I can pay some of these bills,' and he said, 'Good.' . . . He told me he would like to have some money because, he said, the accounts would have to be paid before I could get any goods to run the store. . . . I told him I was going to run the store and he said 'Good,' and I was running it so that I could pay these bills. . . . He didn't say anything about the estate, he said the store—he said I should have to pay something on the bills of Mr. Draper before I would be entitled to any drugs."

The claimant continued to furnish merchandise until January, 1921, making no change in the form of the account on the books. The amount of the goods sold was $1,584.65, and *Mrs. Draper* paid, including credits for some goods returned, the sum of $1,582.32. These payments were made by her personal check.

It is argued by the counsel for the estate that these payments should be applied and were applied on the old account and that it had been fully paid. On August 28, 1920, the balance as it appeared on the books was $1,033.85, and on September 7th a check for $600 was sent. The entries continue showing balances from time to time. On October 9th

the balance shown was $965.28, and on October 12th there appears a credit of $433.85, leaving a balance of $531.43. Counsel for the appellant argue that from the fact that these two credits amount to exactly the same sum as the balance due on August 28th, it must be conclusively presumed that the claim against the estate was fully paid. Although these entries in the claimant's books afford some corroboration of the testimony of *Mrs. Draper,* if the agreement was made as claimed by the claimant the form in which these entries were made is not controlling.

The court made the same finding as to the credibility of witnesses as in the case of *F. Dohmen Co. v. Draper,* decided herewith (*ante,* p. 342, 203 N. W. 358), and found that there remained unpaid the sum of $965.28. For the same reasons given in that case the finding is sustained.

Objection is made to the judgment on the ground that the findings made no mention of interest and that interest was allowed in the judgment from the date of the last item of merchandise furnished the deceased. There was no dispute as to any item in the long account, and if it had not been paid there was no question or doubt as to the amount due. It is not contended that no interest should have been awarded provided the court had directed in the findings that it should be paid. The claimant was deprived of the use of money to which it was entitled for a considerable time.

The rule as to the allowance of interest is now more liberal than formerly, as is well pointed out in *Laycock v. Parker,* 103 Wis. 161, 79 N. W. 327, in an elaborate opinion by Mr. Justice DODGE. See, also, *Jacobi v. Rubicon M. & G. Co.* 174 Wis. 344, 182 N. W. 344. Upon the evidence the claimant was clearly entitled to interest from some period, and since the judgment awarded it we do not think that the right to it was lost by the omission in the findings to provide for it. *Hurst v. Webster Mfg. Co.* 128 Wis. 342, 107 N. W. 666; *Williamson v. Neeves,* 94 Wis. 656, 69 N. W. 806. The further objection is made that interest should not have been allowed to commence on the date of the last item of merchandise furnished. We think this point

well taken. It does not appear that any bill was rendered stating the amount due until February 1, 1921. That may be regarded as equivalent to a demand. Until that time no right to interest arose. *Guardianship of Angle,* 183 Wis. 648, 198 N. W. 851. It follows that the interest should be allowed only from February 1, 1921.

*By the Court.*—The judgment appealed from is modified and affirmed, and the cause remanded to the county court with directions to award judgment in the plaintiff's favor for the amount of the damages as indicated in the foregoing opinion, costs to be paid by respondent.

A motion for a rehearing was denied, with $25 costs, on June 22, 1925.