ESTATE OF PELISHEK: MANITOWOC COUNTY and another, Appellants, vs. EAST WISCONSIN TRUSTEE COMPANY, Administrator, Respondent.

*September 13—October 9, 1934.*

For the appellants there was a brief by *Kenneth C. Healy*, district attorney of Manitowoc county, the *Attorney General*, and *J. E. Messerschmidt*, assistant attorney general, and oral argument by *Mr. Healy* and *Mr. Joseph J. Hirschberg*, deputy attorney general.

For the respondent there was a brief by *Hougen & Brady*, attorneys, and *Norman E. Risjord* of counsel, all of Manitowoc, and oral argument by *Mr. Risjord*.

WICKHEM, J.  It is stipulated by the parties that on June 23, 1919, the decedent, Mary Pelishek, a resident of Manitowoc county, was committed to the Northern Hospital for the Insane at Winnebago, Wisconsin.  At the time of commitment decedent owned no property, real or personal, and had no funds or other means with which to pay for her care and maintenance.  On April 9, 1921, Mary Pelishek was transferred to the Fond du Lac county hospital for the insane, at Fond du Lac, and was an inmate there until her death on October 26, 1932.  Frank Pelishek, husband of decedent, died on May 6, 1924.  At that time he was the owner of certain real and personal property.  His estate was duly administered and by final decree, entered June 16, 1925, Mary Pelishek became the owner of certain property and remained the owner of this property until her death.

This appeal raises questions concerning the construction and operation of sec. 49.10, Stats.  This section reads in part as follows:

"Property of indigent chargeable; recovery.  If any person at the time of receiving any relief, support or maintenance at public charge, under this chapter or as an inmate of any state or municipal institution, *or at any time thereafter*, is the owner of property, the authorities charged with the care of the poor of the municipality, or the board in charge of the institution, chargeable with such relief, support or

maintenance may sue for and collect the value of the same against such person and against his estate. . . ."

Prior to 1925, sec. 49.10 read in part as follows:

"Property of indigent chargeable; recovery. If any person who has received any relief, support, or maintenance at public charge, under this chapter or as an inmate of any state or municipal institution, was at the time of receiving such relief, support, or maintenance the owner of property, the authorities charged with the care of the poor of the municipality, or the board in charge of the institution, chargeable with such relief, support, or maintenance may sue for and collect the value of the same against such person and against his estate. . . ."

Sec. 49.10, as in force prior to 1925, was construed by this court in *Guardianship of Decker,* 181 Wis. 484, 195 N. W. 316. In that case the court said:

"We construe the statute to mean that the property possessed by the poor person may be subjected to the claim for support by the village during the time it was so possessed and no other."

This construction was followed in *Guardianship of Angle,* 183 Wis. 648, 198 N. W. 851. These cases were decided in 1923 and 1924, respectively. In substance the amendment of 1925, which went into effect May 13, 1925, added to the statute the words "or at any time thereafter." It was clearly the legislative intent, with respect to all public maintenance and support furnished after this amendment, to impose a liability upon the recipient, in the event that the latter acquired property subsequent to the time of receiving public support, and thus to change sec. 49.10 as construed in the *Decker* and *Angle Cases, supra.* The sole question here is whether the amendment was intended to apply retrospectively to support furnished prior to its enactment. We are of the opinion that this question must be answered in the negative.

The statute is not made expressly retroactive, and falls within the rule that legislation is presumably prospective unless, as in *Pawlowski v. Eskofski,* 209 Wis. 189, 244 N. W. 611, a consideration of "the old law, the mischief, and the remedy" points to a clear legislative intent to apply the law retrospectively. In *Town of Bell v. Bayfield County,* 206 Wis. 297, 239 N. W. 503, it was said:

"The general rule is that statutes will not be given a retroactive effect unless the intent of the legislature that they shall have such effect clearly appears."

We discover nothing in the language of the statute or in the circumstances disclosing a clear legislative purpose to create a cause of action for support and maintenance furnished to inmates of public institutions prior to its enactment. While the section is remedial in the sense that it seeks to change a situation considered undesirable by the legislature, it is not remedial in a procedural sense. It is substantive in that it creates a cause of action in favor of public agencies furnishing relief, and imposes a liability upon those to whom such relief is given. We pass the contention that serious constitutional questions might be involved if this law were held to be retroactive. It is at least clear under the authorities that a much stronger presumption against the intended retroactive effect of a statute exists where the statute deals with rights of property than where it deals merely with remedies. In *Stone v. Little Yellow Drainage District,* 118 Wis. 388, 396, 95 N. W. 405, the court said:

"Doubtless there is a strong presumption against a retrospective purpose in legislation which relates to concrete rights of property. That presumption is, however, very much weaker in the case of statutes merely regulating remedies. . . ."

It is our conclusion that sec. 49.10, as amended in 1925, does not create a cause of action for public maintenance and support furnished prior to its enactment.

It appears that the trial court selected the date upon which the amendment of 1925 went into force and effect as that prior to which no claim could be made against the estate. This was error. Under sec. 49.10, as it stood before the amendment, decedent was liable for her support during the time she was possessed of property. If, by reason of her husband's death, real property descended to her, her liability for support dated from her husband's death on May 6, 1924. *Jones v. Billstein,* 28 Wis. 221; *Marsh v. Board of Supervisors,* 38 Wis. 250; *Jones v. Graham,* 80 Wis. 6, 49 N. W. 122; *Kruczinski v. Neuendorf,* 99 Wis. 264, 74 N. W. 974; *Hinman v. Hinman,* 126 Wis. 191, 105 N. W. 788. If the property involved was solely personal, her ownership and liability dated from June 16, 1925, the date of the final decree. *Murphy v. Hanrahan,* 50 Wis. 485, 7 N. W. 436; *Schoenwetter v. Schoenwetter,* 164 Wis. 131, 159 N. W. 737; *Estate of Leu,* 172 Wis. 530, 179 N. W. 796; *Pietraszwicz v. Pietraszwicz,* 173 Wis. 523, 181 N. W. 722. The stipulation is not clear upon this point, and since it is agreed that she acquired the property on June 16, 1925, and no error is assigned in this respect, it will be assumed that the property which came to her upon her husband's death was personal property. Assuming this, the date of the final decree marks the beginning of liability under the statute. There being no motion for review, and the discrepancy being slight, there is no occasion to modify the judgment, and the matter is discussed merely to direct attention to the proper rule.

*By the Court.*—Judgment affirmed.