MILWAUKEE COUNTY, Appellant, vs. STATE DEPARTMENT OF PUBLIC WELFARE, DIVISION OF MENTAL HYGIENE, Respondent.

*November 9—December 5, 1950.*

For the appellant there was a brief by *William J. Mc-Cauley,* district attorney of Milwaukee county, *Oliver L.*

*O'Boyle,* corporation counsel, and *Robert P. Russell,* assistant corporation counsel, and oral argument by *Mr. Russell.*

*J. L. McMonigal,* district attorney of Green Lake county, for the respondent.

GEHL, J.   On April 1, 1927, Mr. Englert became a resident of Milwaukee county.  Accordingly, on April 1, 1928, he had acquired a legal settlement in that county under the statute as it then existed, sec. 49.02 (4), Stats. 1927, which provided:

"(4)   Every person of full age who shall have resided in any town, village, or city in this state one whole year shall thereby gain a settlement therein; but no residence of a person in any town, village, or city while supported therein as a pauper shall operate to give such person a settlement therein."

In 1933 while he was still a patron of the Altenheim Home in Milwaukee county, sec. 49.02, Stats., was amended by ch. 408, Laws of 1933, by adding the following:

"The time spent by any person as an inmate of any home, asylum, or institution for the care of aged, neglected, or indigent persons, maintained by any lodge, society, or corporation, or of any state or United States institution for the care of veterans of the military and naval service shall not be included as part of the year necessary to acquire a legal settlement in the town, city, or village in which said home, asylum, or institution is located, nor shall such time so spent be included as part of the year necessary to have a legal settlement in any other town, city, or village of this state."

In a proceeding before the State Department of Public Welfare, Milwaukee county sought to be relieved of the charges against it for the care of Mr. Englert while an inmate of the Winnebago State Hospital from September 30, 1937, to January 13, 1939, and of the Monroe County Hospital from January 13, 1939, to October 26, 1940. The department denied the relief sought and, on a petition of the county to

the circuit court for Dane county for a review, the order of the department was affirmed.

Milwaukee county contends that for the purpose of charging or apportioning the expense of maintenance of a patient under the provisions of sec. 51.08, Stats., the status or legal settlement of the patient must be determined under the statutes as they existed at the time of commitment, 1937 in this case, and that since Englert had acquired no right or interest under the law as it existed prior to the 1933 amendment, the effect of the amendment was to restore his status as a resident of Green Lake county, in other words, that the amendment operates retroactively.

We agree that Mr. Englert acquired no right or interest. But we are not to be concerned with his interest or his right to maintenance. The case involves merely a question of statutory construction as it affects the two counties and their liability for the cost of his maintenance.

If the legislature by its 1933 amendment had intended that it should operate retroactively upon those cases in which a legal settlement had been previously acquired it would have been a simple matter to have said so. While it is in nowise controlling, it is significant that in 1943, when the legislature by ch. 496, Laws of 1943, made further amendment to the provisions of sec. 49.02, Stats., intended to operate retroactively, it stated such purpose in express terms. The expression of the purpose in the later amendment and its omission from that of 1933 suggests that it was intended that the latter should not so operate. In any event, no such purpose can be read out of the provisions of the latter.

A statute will not be construed to operate retroactively unless the legislative intent to have it so operate clearly appears. *Bell v. Bayfield County*, 206 Wis. 297, 239 N. W. 503; *Estate of Pelishek*, 216 Wis. 176, 256 N. W. 700.

Mr. Englert's legal settlement was not affected by the 1933 amendment.

*By the Court.*—Judgment affirmed.