(68 App. Div. 5.)

## JONES et al. v. JONES et al.

(Supreme Court, Appellate Division, First Department.   January 17, 1902.)

1. REVIVAL OF ACTIONS—LACHES—LIMITATIONS.
   The provision of Code Civ. Proc. § 757, that the right of revivor or continuance of an action must be obtained by motion, is a substitute for the remedy by bill of revivor, and is subject to the rules and practice applicable thereto; and, therefore, though the section contains no limitation on the time within which the motion may be made, the motion may be barred by laches and limitations by analogy.

2. SAME—ACTION AT LAW.
   In actions at law no mere lapse of time will defeat a motion to revive an action, but the application may be denied for laches.

3. SAME—SUITS IN EQUITY.
   In suits in equity the motion to revive is barred in 10 years,—that being the limitation on the right to bring the action originally; but the court may, on account of unnecessary and prejudicial laches, deny the motion, even when made within 10 years.

4. SAME—INTERLOCUTORY JUDGMENT—EFFECT.
   In a suit to specifically enforce an agreement to partition property, where the court has decreed by interlocutory judgment that plaintiff is entitled to an accounting for the purpose of carrying into effect the partition agreement, the 10-year statute of limitations does not bar revivor; and the granting of the motion to revive is discretionary, but will be denied for gross laches.

5. SAME.
   In a suit to specifically enforce a partition agreement commenced in 1875, the answer set up an agreement for the settlement of the accounts between the parties as a condition precedent; and the court, after some litigation, entered an interlocutory judgment for an accounting.   Both parties appeared before the referee, and the reference was substantially completed in 1882, since which time no proceedings have been had in the suit.   Pending these proceedings defendant conveyed all his property to a third person, and plaintiff sued to set aside the conveyance as fraudulent.   The latter proceeding was stayed until the determination of the original action.   Meanwhile defendant died, in 1883.   Various other suits were instituted between the interested parties, and attempts made to compromise the litigation, but without success.   Plaintiff died in 1898, and the third person in 1894.   The original action was regarded as pending by the parties in interest and by the court.   It was apparent that great injustice would result if it was not revived, and it did not appear that either party would be prejudiced by revival.   The testimony of both the parties before the referee had been preserved.   *Held,* that an order made in 1901 substituting plaintiff's administratrix and his successors in interest as plaintiffs, and the successors in interest of the defendant as defendants, was within the discretion of the court.

   Van Brunt, P. J., dissenting.

Appeal from special term, New York county.

Action by Evan Jones against John Jones, in which both parties died pending the controversy.   From an order substituting Mary A. Jones, individually and as administratrix of Evan Jones, deceased, and others, as plaintiffs, and Adelaide Jones and others as defendants, and continuing the action, certain of the substituted defendants appeal.   Affirmed.

This action was orginally brought by Evan Jones against his brother John Jones to compel the specific performance of a partition agreement, and it was commenced on the 30th day of December, 1875.   The defendant died on the 16th day of June, 1883, and the plaintiff died on the 18th day of July,

1898. The original parties had been copartners in the business of building and trading in machinery and doing blacksmithing from 1853 until 1870. They purchased with firm funds, and, at the time of making the partition agreement, held as tenants in common three parcels of real estate. Prior to the formation of the copartnership the defendant had purchased two other tracts of land, known as the Morrisania and Unionport properties, respectively, and took title thereto in his name individually. The plaintiff contended that these properties also belonged to the firm. There was an unsettled account between the parties, and the plaintiff had collected moneys, rents, and proceeds of the joint property, for which he had not accounted, and in respect to which defendant claimed a balance would be found due and owing to him. The defendant was desirous of obtaining an amicable settlement of the matters in difference, and a division of the partnership properties, and he accordingly acceded to the plaintiff's claim concerning the Morrisania and Unionport properties, upon condition, however, that plaintiff should bear one-half the cost of carrying the same from the date of purchase, and that, as a condition precedent, there should be a full, final, and complete settlement of the accounts of each on account of collections or disbursements in connection with these various pieces of property, and that the balance found due should be paid. After arriving at this understanding, the parties entered into an agreement in writing on the 25th day of May, 1875, for the partition of the real estate. This agreement is silent on the subject of the accounting, and is indefinite as to the property intended to be embraced therein. The plan agreed upon for a division of the property was for each to submit bids to an individual designated, who should award the respective parcels to the highest bidder. It was agreed that the value of the interest of each should be one-half the gross bids, and the equities were to be adjusted by mortgages; but, by a subsequent agreement, notes were to be given instead of mortgages. It was also agreed that each party was to be entitled to possession of the parcels awarded him on the 1st day of June, 1875, and to assume the mortgages thereon, and the liability to tenants in possession. On the day the agreement was made the parties bid on all the parcels in the manner therein provided. The plaintiff was the highest bidder on the Morrisania and Unionport properties, and they were awarded to him at the price of $5,451, and on another parcel which was awarded to him at $40,000. The defendant was the highest bidder on the other parcels, and they were awarded to him at the price of $51,000. The plaintiff went into possession of all the property thus awarded to him, except the Morrisania property, and his representatives are in possession thereof now. The defendant took possession of the property thus awarded to him, and retained possession of the Morrisania property; and the appellants are in possession thereof, claiming under his will and a conveyance made by him. The property thus held and enjoyed by the defendant and his representatives since 1875 exceeds in value by $15,000 that held and enjoyed by the plaintiff and his representatives. The parties were thereafter unable to agree upon a settlement of their accounts, and the plaintiff failed to keep his agreement, and refused to recognize defendant's claim for reimbursement for one-half his disbursements in carrying the Morrisania and Unionport properties, and failed to pay over one-half the rents collected by him. For these reasons the defendant refused to convey any of the property to the plaintiff. The answer set up the agreement for such accounting, and alleged that performance was a condition precedent to plaintiff's right to have the premises partitioned.

These facts were found on the trial of the action before the court, and by the decision dated November 13, 1877. Judgment was entered dismissing the complaint, without costs, on the ground that an accounting was a condition precedent to the performance of the partition agreement. On the 25th day of October, 1879, the general term reversed the judgment, and, upon the findings as made, ordered an interlocutory judgment for an accounting, and for the appointment of a referee to take and state the account, and providing that upon the coming in of the referee's report a final judgment be entered by the special term "for the final disposition of the entire controversy between the parties." On the 5th day of November, 1879, the

special term presided over by the judge who tried the issues granted an interlocutory judgment in accordance with the judgment of reversal, and containing the same recitals and directions. This interlocutory judgment is in the form of a special term order. It was not a direction for the entry of an interlocutory judgment, but directed that "interlocutory judgment be, and the same is hereby, entered." It is not signed by the justice, and does not recite the facts previously found, but declares that they are to be deemed a part thereof, as if incorporated therein. It appointed a referee to take, state, and settle the accounts. An appeal taken to the court of appeals from the decision of the general term and from the interlocutory judgment of the special term was dismissed April 13, 1880, because it was not a final determination. The parties appeared and proceeded before the referee from time to time from May 13, 1880, to June 29, 1882, since which date no further steps or proceedings have been taken in the action. The moving affidavits show that the reference was substantially completed, that both parties had rested, and that the plaintiff had examined nearly all his witnesses in rebuttal. It appears that the referee's fees were paid, but by whom is not shown. The appellants claim in their affidavits that the proceedings were "abandoned"; and the respondents, that they were merely "suspended" pending the determination of the litigation subsequently commenced. No conversation or communication between the parties and the referee, or either of them, is given, to explain the suspension or abandonment of the reference. It appears, however, that the referee is still practicing law, and that the testimony given on the hearing before him was taken by a stenographer, and has been preserved. Pending the appeal in this action, and on August 7, 1879, the defendant conveyed all his property to his brother Morgan Jones. On September 13, 1879, and before the determination of the appeal, the plaintiff brought suit against the defendant and Morgan Jones and his wife to set aside said conveyances of the premises involved in the litigation, and filed a lis pendens therein. The defendant John Jones having previously died, the action was tried as between the survivors in October, 1884, without any substitution in his place. The complaint was dismissed, but in June, 1885, the judgment was reversed, and the proceedings stayed until the determination of this action. After the death of the defendant, one of his heirs at law brought ejectment to recover her share of his real estate, including a portion of the premises sought to be partitioned herein. It does not appear whether or not the plaintiff herein was made a party, but Morgan Jones, a defendant, claimed title under said deeds and under a will of decedent alleged to have been made in 1882. After several trials of the issues the case was settled out of court in 1889. Pending the last-mentioned ejectment action, plaintiff herein, in 1888, brought an action in ejectment to recover the parcels of real estate which the defendant held in his individual name, and possession of which was not previously acquired by the plaintiff. Morgan Jones set up the deeds and will, and the pendency of this action and the former ejectment suit brought by plaintiff, as a bar to that action; and he succeeded upon the trial in 1892 at the general term (17 N. Y. Supp. 905), and in the court of appeals in 1893 (33 N. E. 479). But the plaintiff paid the costs and secured the right to a new trial. The action was revived against the heirs about November 15, 1894. Upon the death of Morgan Jones, the case was noticed for a new trial in October, 1896. The case was called and passed April 1, 1898, and nothing has been done since toward bringing it to trial. It further appears that various attempts have been made to compromise this litigation, but without success. The motion for revivor was made by plaintiff's widow, individually and as administratrix of his estate (she was appointed November 20, 1898), and by his heirs at law, and against the other heirs at law of the original defendant. No will of the defendant was admitted to probate. He left, him surviving, besides his brother, the plaintiff, and Morgan Jones, three children of a deceased brother. The children of the deceased brother on April 12, 1889, conveyed their interest in the premises to said Morgan Jones. The appellants are his children and heirs at law. The moving papers show that part of the property has been taken by the city for a public street, and an award of

"many thousand dollars" was made to "unknown owners" on account of the pendency of this action, and the ejectment suits, and has not been paid.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Jacob F. Miller, for appellants.
Edward M. Shepard, for respondents.

LAUGHLIN, J. It is evident that both parties require judicial aid to permanently adjust their rights, which seem almost hopelessly involved, and to clear up the titles to their respective parcels of land. Both parties concede that all efforts toward a voluntary settlement have been in vain. The opinion of the court at general term, written by Justice Daniels more than 16 years ago, shows that there was no hope of compromising the controversy. The order of revival brings all parties interested before the court, and this suit in equity seems best adapted to the rendition of justice and a complete determination of all matters in dispute. If revivor be not permitted, then the statute of limitations will doubtless have run against any action between the parties whose representatives are now enjoying this property, and title will have been acquired by adverse possession entered upon pursuant to the partition agreement. Owing to the inequality of the value of the property as thus divided, and now occupied by the respective parties, and title to which is claimed by them, it is manifest that an injustice will be done if the court cannot retain jurisdiction and administer equity in this action. It does not appear that either party will be prejudiced by the revival and continuance of the action, and the moving papers show an intention to prosecute the action to final determination. On receipt of his deeds from the original defendants in 1879, Morgan Jones had the right to be substituted or joined as a party defendant herein. Code Civ. Proc. §§ 452, 756. He then became the real party in interest, and could have insisted upon the speedy prosecution of the suit. The plea of laches interposed by his representatives, who are and have been enjoying more than their share of the copartnership property, should not be received with favor. Justice requires that the order should be sustained. The question is, can it be sustained under the law and practice applicable to the revival of suits in equity? The Code of Civil Procedure provides that the right of revivor or continuance of an action must be obtained by motion, and it contains no limitation upon the time within which the motion must be made. Code Civ. Proc. § 757. This is, however, a substitute for the remedy by bill of revivor, and is subject to the rules and practice applicable thereto, and the right may be barred by laches and by the statute of limitations by analogy. Coit v. Campbell, 82 N. Y. 509; Lyon v. Park, 111 N. Y. 350, 18 N. E. 863; Mason v. Sanford, 137 N. Y. 497, 33 N. E. 546; Pringle v. Railroad Co., 157 N. Y. 100, 51 N. E. 435; Crowley v. Murphy, 33 App. Div. 456, 54 N. Y. Supp. 54; Hale v. Shannon, 58 App. Div. 247, 68 N. Y. Supp. 803. In actions at law no mere lapse of time will defeat the motion, but the application may be denied for laches. In equity there is a time limitation of 10 years, that being the limita-

tion on the right to bring the action originally; but in suits in equity the court may, on account of unnecessary and prejudicial laches, deny the motion, even when made within 10 years. Pringle v. Railroad Co., supra; Mason v. Sanford, supra. In the case at bar, however, the main issues have already been tried, and facts found upon which the court has decreed by interlocutory judgment that the plaintiff is entitled to an accounting for the purpose of carrying into effect the partition agreement. The decree for an accounting distinguishes this case from those cited. When, as here, there has been interlocutory decree for an accounting, the 10-year statute of limitations does not bar revivor, and in such case the granting of the motion is discretionary, but it will be denied for gross laches or negligence. Hollingshead's Case, 1 P. Wms. 742, cited with seeming approval in Coit v. Campbell, supra; Alsop v. Bell, 24 Beav. 451; Curtis v. Sheffield (1882) 20 Ch. Div. 398, 18 Enc. Pl. & Prac. pp. 1106, 1107; Earl of Egremont v. Hamilton, 1 Ball & B. 516; 2 Barb. Ch. Prac. p. 53; 2 Daniell, Ch. Prac. (6th Am. Ed.) p. 1543. In this case, as has been observed, no prejudice has been shown. The original parties, who have died, had been examined before the referee. It does not appear that their examination was not full and complete. Their testimony having been preserved, the substituted parties will have the benefit thereof. It is not shown that any mutual voucher, book of account, record, or other evidence has been lost to the appellants by the delay. Prejudice would more likely result from denial of revivor, for it is not apparent that this testimony would be as available in any other action or proceeding. The various other litigations in which the parties engaged explain the suspension of activity on the reference herein. Upon the transfer by the defendant of his interest in the property to Morgan Jones, the latter became the real party in interest in the defense of the case. That he so considered it is shown by his answer in the ejectment suit, wherein he pleaded the pendency of this action as a bar. The parties in interest and the court have regarded this action as pending. Ten years have not elapsed since the death of the plaintiff or of Morgan Jones, the real defendant. If the order could not be sustained upon that ground alone, upon the theory that equity will disregard the form and look at the essence of things, these facts tend to justify the exercise of the court's discretion in granting the motion.

For these reasons, the order should be affirmed, with $10 costs and disbursements. All concur, except VAN BRUNT, P. J., who dissents.