ALLEN and others, Respondents, vs. FRAWLEY, Executrix, imp., Appellant.

*December 15, 1908—March 9, 1909.*

*Action: Survival: Revival after death of party: Equity: Discretion: Necessity: Limitation of actions: Laches.*

1. A cause of action at law for deceit and fraud resulting in damages by depletion of the estate of a bank in the hands of a receiver does not survive the death of the defendant.
2. An application to a court of equity to revive and continue an action abated by death of a party is an appeal to judicial discretion, and should seldom be granted where unnecessary to

the applicant, or when the burden cast upon the other party thereby will grievously preponderate over the benefits to the applicant, or where delay and laches have intervened so as to place the other party at serious disadvantage, and usually not where such delays have permitted a statute of limitations to run against the original demand.

3. It was an abuse of judicial discretion in this case to revive in 1904, against the executrix of a defendant who died in 1902, an equitable action in which said defendant was charged with complicity in a fraud committed in 1897,—it appearing that without such revival complete justice could be done by compelling the return to a receiver of all the property which said defendant aided in wrongfully diverting from the estate of a bank (plaintiffs' debtor); that if any money judgment against said defendant was essential it might have been obtained without resort to the court of equity; that the time limited for instituting a suit upon that cause of action had run; that serious inconvenience and burden to the estate of said defendant would result; and that the plaintiffs had been guilty of laches.

SIEBECKER, J., dissents.

APPEAL from a judgment of the circuit court for Eau Claire county: JAMES O'NEILL, Circuit Judge. *Reversed.*

This action was originally commenced by Edward Boyle as plaintiff against the Commercial Bank of Eau Claire for the sequestration of its property for the benefit of its creditors. A receiver was appointed and administered its affairs, and upon December 30, 1897, was discharged as such and his transactions and accounts finally approved by the court. Thereafter, within the term, on petition of certain creditors, that order was vacated and set aside and the cause reorganized with F. C. Allen, a creditor, as plaintiff, and broadened to include recovery of the additional statutory liability of stockholders and recovery against the receiver and divers persons alleged to have been in collusion with him or to have defrauded him into devastation of the estate, among whom was T. F. Frawley, alleged to have been his attorney and counsel and to have used such position of trust and confidence to induce the receiver to sell to a corporation controlled by Frawley, at an inadequate price, certain tax titles and tax-title

liens upon scattering vacant lots in the suburbs of certain towns and villages in Kansas and Nebraska, and to recover from said Frawley the value of the property so parted with by the receiver. All of these things are alleged to have been done in 1897.

An issue was joined by T. F. Frawley in August, 1898, denying all allegations against him. The action was not brought to trial as against Frawley prior to his death, which occurred June 30, 1902. August, 1902, a supplemental complaint seeking to revive the action against his executrix, *Lydia A. Frawley,* was filed, but nothing was done by the court until September 19, 1904, when an order of revival and continuance against the executrix was entered. The cause of action against Frawley was brought to trial in January, 1905, completed and findings filed July 22, 1905, a motion made by the defendant to correct the findings, and on January 9, 1907, the court filed an additional finding, and April 26, 1907, rendered judgment, *inter alia,* in favor of the plaintiffs for recovery to the receiver from the executrix of T. F. Frawley of the sum of $6,913.83 and costs, from which part of the judgment the executrix, *Lydia A. Frawley,* brings this appeal.

For the appellant there were briefs by *Bundy & Wilcox,* and oral argument by *C. T. Bundy.*

*L. A. Doolittle,* for the respondents.

The following opinion was filed January 5, 1909:

Dodge, J. The first error assigned and argued is upon the order of the court made September 19, 1904, reviving and continuing the action against *Lydia A. Frawley* as executrix of T. F. Frawley, who died June 30, 1902. This is assailed, first, on the ground that the cause of action did not survive: and, secondly, that even if it did, it was an abuse of discretion to revive and continue the action. The complaint is very ambiguous, and it is by no means easy to reach a conclu-

sion whether the pleader stated or attempted to state anything more than a cause of action at law against T. F. Frawley for deceit and fraud resulting in damages by depletion of the estate in the hands of Buffington as receiver. If so limited, of course the action would not survive. *John V. Farwell Co. v. Wolf,* 96 Wis. 10, 70 N. W. 289, 71 N. W. 109; *Lane v. Frawley,* 102 Wis. 373, 78 N. W. 593; *Killen v. Barnes,* 106 Wis. 546, 82 N. W. 536; *Lindemann v. Rusk,* 125 Wis. 210, 104 N. W. 119. In view, however, of the conclusion we have reached upon the second ground of attack we shall deem it unnecessary to decide whether the complaint, upon liberal construction, may not be deemed to attempt to charge T. F. Frawley with at least complicity in the control of some property alleged to have been wrongfully diverted from the trust property in the hands of the receiver, but shall proceed upon the assumption, hypothetically, that it does.

An application to a court of equity to revive and continue an action when interrupted or abated by the death of a party is an appeal to the wise judicial discretion of the court. *Cavanaugh v. Scott,* 84 Wis. 93, 54 N. W. 328; *Carberry v. German Ins. Co.* 86 Wis. 323, 56 N. W. 920; *Fleming v. Ellison,* 124 Wis. 36, 102 N. W. 398; *Jones v. Jones,* 68 App. Div. 5, 74 N. Y. Supp. 297; affirmed, *S. C.* 171 N. Y. 653, 63 N. E. 1118. It should seldom be granted where unnecessary to the applicant (*Robinson v. Bank of Pikeville,* 108 Ky. 389, 56 S. W. 660); nor when the the burden cast upon the other party thereby will grievously preponderate over the benefits to the applicant (*Lyon v. Park,* 111 N. Y. 350, 18 N. E. 863; *Cavanaugh v. Scott, supra*); nor where delay and laches have intervened so as to place the defendant at serious disadvantage, and usually not where such delays have permitted a statute of limitations to run against the original demand (*Beach v. Reynolds,* 64 Barb. 506; *Jones v. Jones, supra; St. Paul, M. & M. R. Co. v. Eckel,* 82 Minn. 278, 84 N. W. 1008; *Ex parte Kirtland,* 49 Ala. 403)

The cause of action set forth was predicated upon personal conduct of T. F. Frawley occurring in 1897. It also involved fraudulent intent, which rested in large measure on Frawley's asserted knowledge of facts in regard to character and value of the Kansas and Nebraska tax claims, most of which he acquired by personal inspection, investigation, and conference with people in those localities, and of which thereafter only he himself had full knowledge, and as to which the evidence must have grown more and more difficult of discovery, and less and less certain in character, as time elapsed, and especially must the ability of his widow to find defensive evidence, after his death, have been impaired by such delay. Upon the allegations of the complaint before the court all of the property for which Frawley's estate is now held accountable was owned by a corporation situated at Eau Claire, a party to the suit, excluded from any defense as an innocent holder, and from which, therefore, the very property belonging to the estate could be reclaimed and reinstated in the hands of the receiver. Of course the court might at any time have placed such embargo upon any disposal or other change of condition of that property as was necessary to protect the rights of the parties. Nothing was apparent to indicate any insolvency or other difficulty in recovering from the corporation the proceeds or value of any of the property of which it might dispose. The complaint negatived the possession of any such property or its proceeds by Frawley, and if he were in any way liable to a money judgment as a result of his complicity, his estate was being administered in the county of Eau Claire, so that a claim in the ordinary course of administration could easily have been presented. At the time of T. F. Frawley's death in June, 1902, the plaintiffs had allowed five years to elapse after the acts on which his liability was predicated, and, while they made a formal motion within a few months after his death for the revival, that motion was allowed to drop out of consideration and to remain undisposed

of until by reason of a decision of this court (*Harrigan v. Gilchrist,* 121 Wis. 127, 99 N. W. 909) it was made apparent that if a cause of action existed against Frawley for an accounting it might be enforced in the present action. In all practical aspects the situation was the same as if a new motion to revive had been made in September, 1904. The result was that at the time the court acted upon the question of revival the cause of action for fraud, whether equitable or legal, had been postponed some seven years from its inception. It was one subject to the six-years statute of limitations. *Boyd v. Mut. F. Asso.* 116 Wis. 155, 90 N. W. 1086, 94 N. W. 171; *Buttles v. De Baun,* 116 Wis. 323, 93 N. W. 5. At that time it was apparent to the court that the presence of Frawley's estate or executor as a party defendant was entirely unnecessary to the doing of complete equity and justice by returning to the hands and control of the receiver all the property which it is now found that Frawley participated in diverting from the estate; that if any money judgment against Frawley was essential to such relief it might have been sought and obtained by ordinary legal processes without resort to the peculiar jurisdiction of equity. It was apparent, too, that the full time prescribed by statutes of limitation for instituting a suit upon that cause of action had run. There was also apparent the very serious inconvenience and burden to an estate from keeping alive the uncertainty resulting from such a claim pending the litigation over the very numerous matters involved in this complicated closing-up suit, and through and at the bottom of all this was obvious extreme dilatoriness on the part of the plaintiffs, whereby the situation had arisen which was in large part unexplained and unexcused, although certain portions of the delay were attempted to be accounted for by more or less legitimate considerations.

We cannot escape the conviction that in the presence of such laches it was an abuse of judicial discretion to revive the present action against the estate of T. F. Frawley, so seri-

ously to the burden of his representatives and with such peril of injustice to them, without any corresponding necessity to the plaintiffs or threatened loss of any of their rights which they might not have fully preserved by exercise of reasonable diligence. Error was thus committed but for which the portion of the judgment appealed from, or any judgment against the appellant, could not have been rendered. We therefore do not pass upon the question whether the evidence suffices to establish the fraud alleged.

*By the Court.*—The portion of the judgment appealed from is reversed, and cause remanded with directions to dismiss the action as against appellant.

The following opinion was filed February 9, 1909:

SIEBECKER, J. (*dissenting*). I am unable to concur in the decision of the court. In my opinion, when liberally construed in favor of the plaintiffs, the complaint states a good cause of action for an accounting against the receiver and his alleged associates because they had wrongfully appropriated the trust fund to their own use. Under the allegations, which in my opinion are supported by the proof, Frawley was the attorney for the receiver at the time he inspected the Kansas property and made report thereon, and acted for the receiver in preparing the report to the court for the purpose of converting this property into money for the benefit of the bank's creditors. I am also persuaded that the findings of the court are not against the preponderance of the evidence and should stand as the ultimate facts in the case, and that the court awarded the proper judgment upon the facts found.

This judgment is reversed upon this appeal upon the ground that the order reviving the action against the executrix of Frawley's estate was an abuse of judicial discretion. As stated in the opinion, such "an application to a court of equity to revive and continue an action when interrupted or

abated by the death of a party is an appeal to the wise judicial discretion of the court." The facts as found by the trial court, which I deem justified by the evidence, show that the action was an appropriate and necessary one to secure the relief demanded for the benefit of the creditors and that the court properly retained jurisdiction of the cause instead of compelling the plaintiffs to seek relief by filing claims in the county court. In the light of the facts found, the dismissal of the action as to the Enterprise Land, Loan & Investment Company cannot affect the liability of Frawley's estate for his complicity in the wrongful depletion of the trust fund. Under such circumstances each party to the transaction is liable and may be compelled to account in an equitable action for property so appropriated.

The original action was commenced in January, 1897, and reorganized into the present form in March, 1898. The parties were numerous, and the demurrers and answers of many of the defendants were not served in time to dispose of the issues at the September, 1899, term of the court. This postponed the case until the March, 1900, term of the court. It was then noticed for trial and was put over on defendants' application. It was again continued over the September, 1900, term, when it was insisted that Frawley was unable to proceed on account of illness. It appears that he continued ill until his death in 1902. There is nothing in the record to show that up to the time of Frawley's death the respondents relaxed their efforts to bring the case to trial. In September, 1902, the motion to revive the action was made and submitted. The court withheld its decision until September, 1904. It is contended that this long delay clearly indicates that the application to revive had been practically abandoned and would not have been pressed but for this court's decision in *Harrigan v. Gilchrist,* 121 Wis. 127, 99 N. W. 909, which it is claimed so modified the decision in *Boyd v. Mut. F. Asso.* 116 Wis. 155, 90 N. W. 1086, 94 N. W. 171, which

negatived the right to revive the action, as to permit plaintiffs, under the facts alleged in the complaint, to prosecute this action at that late day. In January, 1905, the action was brought to trial and submitted to the court. The court filed its findings July 22, 1905. Thereafter defendants' application for a modification of such findings was made and argued. This matter was submitted June 29, 1906, and was decided on January 9, 1907, by the filing of amendments to the original findings. Judgment was entered in April, 1907. True, the trial was much delayed, but I find nothing in the record justifying the claim that such delay was attributable to the neglect of respondents. In so far as this history is made of record it indicates that the plaintiffs were ready and willing to try the case after issue joined, but were prevented by circumstances beyond their control. It seems that the record is barren of any facts showing an effort by the defendants to proceed to the trial of the cause, and it appears affirmatively that they secured postponement of the trial when the plaintiffs were pressing to proceed. True, the court, by holding litigated questions under advisement after their submission, delayed a speedy termination, but the court's action, which protracted the litigation, cannot reasonably be made the ground of laches against plaintiffs. It seems to me that plaintiffs have shown due diligence in the prosecution of this action and that they were not responsible for the delays of the trial. Under these circumstances, in my judgment, no procrastination in the prosecution of the case is shown warranting the court's conclusion that it was an abuse of judicial discretion to revive the action against the estate of T. F. Frawley. In my opinion the judgment of the lower court should have been affirmed.

A motion for a rehearing was denied March 9, 1909.