R. G. UHLMANN FUR COMPANY, Respondent, vs. GATES and another, Executors, Appellants.

*December 9, 1913—January 13, 1914*

*Abatement and revival: Death of party: Appealable orders: Abuse of discretion.*

1. An order reviving an action against the personal representatives of a deceased party is appealable.
2. Such an order, being in a matter within the sound discretion of the trial court, will not be disturbed unless that discretion was abused.
3. In an action commenced in June, 1906, for the purchase price of women's furs, defendant alleged that he never ordered or accepted them, that if they were furnished to his wife it was without his knowledge or consent, that they were not necessaries, and that he was not liable therefor. A few days later he brought suit for a divorce on the ground of desertion, and a divorce was granted in December, 1908. The action against him was noticed for trial in October, 1906; in June, 1907, it was by stipulation continued over the current term; and thereafter nothing was done by either party to bring it to trial. In August, 1911, defendant died suddenly. In April, 1913, after a motion to dismiss for want of prosecution had been made, plaintiff moved to revive the action. It being apparent that the defense practically died with the defendant, it is *held* that it was an abuse of discretion, under all the circumstances, to revive the action.

APPEAL from orders of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Reversed.*

This action was commenced June 21, 1906. The complaint contained two counts, one for goods sold and delivered to the defendant prior to December 1, 1905, of the value of $920, which it is alleged the defendant on that day agreed to pay, and the other for work and labor performed for the defendant between November, 1905, and March, 1906, of the value of $17.50. The goods alleged to have been sold were furs, suitable for women's wear. July 10, 1906, the defendant answered alleging, among other things, "that he never ordered or accepted the goods, wares, and merchandise mentioned in the complaint, and never authorized the ordering or acceptance of said goods on his behalf by any person whatever, and further alleging that the plaintiff never performed the work, labor, and services referred to in the complaint, or any other work, labor, or services whatever, for this defendant, either at the times as specified in said complaint, or at any other time." The answer also contained a general denial, and defendant claimed that these goods, if furnished to any one, were furnished to his wife without his knowledge or consent. He further claimed that his wife was fully supplied with all necessary articles of wearing apparel and was not authorized to pledge his credit, and when he saw these furs he understood from his wife that the same were purchased prior to her marriage to him, which occurred August 26, 1905.

On June 25, 1906, divorce proceedings were instituted by the defendant against his wife on the ground of desertion, and the parties were divorced December 12, 1908.

This case was regularly noticed, and placed upon the calendar, for trial at the October, 1906, term. On June 3, 1907, the parties signed a stipulation continuing the case for the then current term of court. Each claims that such stipulation was entered into at the request of the other. Since said stipulation was signed nothing further was done by either party to bring the case to trial. On August 25, 1911, the defendant, who had for many years past resided in Mil-

waukee, Wisconsin, suddenly died after an illness of only a
couple of days. Letters testamentary upon the estate of de-
fendant were on September 29, 1911, issued to Julius Jung-
blut and Robert L. Gates, and on January 12, 1912, and
January 29, 1912, the plaintiff filed its claims involved in
this action in the county court of Milwaukee county against
the estate of defendant. On February 20, 1913, an order
was entered, based on the affidavit of Robert L. Gates, re-
quiring the plaintiff to show cause March 1, 1913, why this·
action should not be dismissed for want of prosecution and
for failure to revive the same after the death of the defend-
ant. The plaintiff filed an affidavit in opposition to the mo-
tion, and additional affidavits were permitted by the court to
be filed by the defendant. On July 15, 1913, the court en-
tered an order denying the motion to dismiss the action and,
at the same time, granted an order based on all of the affi-
davits and supplemental complaint and all the records, files,
and proceedings in the action, reviving the case against the
executors. The executors appealed from both of these or-
ders.

For the appellants there was a brief by *Flanders, Bottum,*
*Fawsett & Bottum,* and oral argument by *F. L. McNamara.*

For the respondent there was a brief by *Chauncey W.*
*Yockey,* attorney, and *Waldron, Carrigan, Connelly & Di-*
*neen,* of counsel, and oral argument by *Frank Waldron* and
*C. R. Dineen.*

VINJE, J. That the order of revival is appealable was
held in *Voss v. Stoll,* 141 Wis. 267, 124 N. W. 89. That
the application to revive was addressed to the sound discre-
tion of the trial court, and that this court will not interfere
with its action thereon unless there has been an abuse of dis-
cretion, is the settled law of this state. *Harris v. Welch,*
148 Wis. 441, 447, 134 N. W. 1041.

Plaintiff claims it had a right to refrain from prosecuting
the action during the pendency of the divorce suit. Conced-

ing, but not admitting, such right, it appears that the divorce was granted December 12, 1908. The defendant did not die till August 25, 1911, and the motion to revive was not made until April 8, 1913, after a motion to dismiss for want of prosecution had been made. The delay from December 12, 1908, until the death of the defendant remains wholly unexplained. It is apparent from the issues in the case that the defendant alone was in a position to make any defense to the claims made by the complaint, and that, practically, the defense died with him. Under such circumstances, and in view of the facts in the case, it was an abuse of discretion to revive the action. The decision in *Allen v. Frawley,* 138 Wis. 295, 119 N. W. 565, rules this case.

*By the Court.*—Orders appealed from reversed, and cause remanded with directions to grant the motion to dismiss.