PERELES, Executrix, Respondent, vs. CHRISTENSEN, Appellant.

*October 5—October 24, 1916.*

*Action: Dismissal for delay: Abatement and revival: Death of party: Discretion.*

1. Sec. 2811a, Stats., does not absolutely bar proceedings in actions not brought to trial within five years, but is permissive and is to be enforced within the sound discretion of the court.
2. An application to revive an action under secs. 2803, 2810, Stats., is a special proceeding and is addressed to the sound discretion of the court; and the applicant must show diligence, good faith, and that his laches, if any, will not operate to the prejudice of adverse parties or subject them to injury or inequity.
3. The revival of an action which had not been brought to trial within five years after its commencement is *held* in this case not an abuse of discretion, the delay having been occasioned mainly by sickness and death, first of the plaintiff, and afterwards of one of his executors, and by the financial irresponsibility of defendant until a short time before the proceeding for revival was begun; and it appearing that defendant, who had counterclaimed for a sum in excess of plaintiff's demand, had acquiesced in the delay and had not been prejudiced in the loss of evidence or otherwise.

APPEAL from an order of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge.    *Affirmed.*

This is an action to recover the sum of $5,693.53, the unpaid balance due on a promissory note dated June 3, 1907, given by Edward M. Maxwell to the defendant, which note the defendant, for value received, indorsed and delivered to James M. Pereles, waiving, in writing on the note, presentment and demand of payment and notice of nonpayment.

The plaintiff's testator, James M. Pereles, commenced this action on April 12, 1910.    The amended answer alleges a release of the defendant by the plaintiff.    This release is alleged to have been verbal and made by telephone.    Defendant also interposed a counterclaim alleging that James M. Pereles, deceased, agreed to indorse notes of defendant in the sum of $28,000 as an accommodation indorser and agreed to pay the notes when due, but that defendant had to pay the notes himself, and in order to meet these obligations was forced to sell certain real estate for $25,000 which was subsequently sold for $75,000, thereby damaging defendant in the sum of $50,000.    A reply to the counterclaim was served on August 5, 1910.

The original plaintiff, James M. Pereles, died on December 10, 1910, and no proceeding in this action was had or taken by either party thereto until the present motion to revive was made by the plaintiff's surviving executrix on March 3, 1916.    The petition for revival alleges the death of plaintiff, James M. Pereles, and that Thomas J. Pereles and petitioner were named as his executors and letters testamentary granted to them January 3, 1911.    Thomas J. Pereles died June 8, 1913, and the petitioner is the sole surviving executrix of the will.    The petition also sets forth as reasons for permitting the action to lie dormant the death of James M. Pereles, the long-continued illness of petitioner's co-executor and his death in 1913, and the fact that defendant has been financially irresponsible until very recently.

The circuit court ordered that the action be revived in the name of *Jennie W. Pereles,* executrix, as plaintiff in the place of James M. Pereles, deceased, and that the supplemental complaint attached to the moving papers and filed shall stand as such supplemental complaint and a copy of the same be served on defendant's attorneys within twenty days. From such order this appeal is taken.

For the appellant there was a brief by *Flanders, Bottum, Fawsett & Bottum,* and oral argument by *C. E. Monroe.*

For the respondent there was a brief by *Pereles, Strouse & Carter,* and oral argument by *Alex. L. Strouse.*

SIEBECKER, J.     There is no dispute on the propositions that this cause of action on the note survives the death of the deceased party; that if proper the action may be revived under the provisions of secs. 2803 and 2810, Stats.; and that such an order is appealable.     It is suggested that the order of revival is erroneous because the application was not made until more than five years had expired from the time of the commencement of the action, and hence the limitations of sec. 2811*a,* Stats., apply and operate as a bar to the proceeding.     This provision in the statutes is not intended to operate as an absolute bar to proceed in actions after the expiration of five years from the commencement thereof.     The statute is clearly permissive in its terms and is to be enforced within the sound discretion of the courts.     It has been so interpreted and applied by the courts.     *Hine v. Grant,* 119 Wis. 332, 96 N. W. 796; *Smith v. Carter,* 141 Wis. 181, 122 N. W. 1035.     The proceeding to revive is taken under the provisions of sec. 2803, providing:

"In case of the death or other disability of a party, if the cause of action survives or continues, the court, on motion, at any time within one year thereafter or afterwards, on a supplemental complaint, may allow or compel the action to be continued by or against his representatives or successor in interest."

The proceeding is a special one, and the right to revive is favored in the law when the interest of justice is promoted thereby. The application for revival is therefore one addressed to the sound discretion of the court. *Cavanaugh v. Scott,* 84 Wis. 93, 54 N. W. 328; *Fleming v. Ellison,* 124 Wis. 36, 102 N. W. 398; *Voss v. Stoll,* 141 Wis. 267, 124 N. W. 89; *R. G. Uhlmann F. Co. v. Gates,* 155 Wis. 385, 144 N. W. 991. It is incumbent on the party seeking relief under this statute to show diligence, good faith, and that his laches, if any, will not operate to the prejudice of the adverse party by having induced a change of condition or relation of the property or parties to the matters involved, or have occasioned the loss of means of presenting the rights of the parties to the court, or otherwise have subjected them to injury and inequity. An examination of the facts and circumstances disclosed by the foregoing statement shows that the delay of the trial of this action was occasioned in the main through the sickness and consequent death of James M. and Thomas J. Pereles and by the fact that the defendant was financially irresponsible up to a time shortly before this proceeding for revival was begun. These facts and circumstances show a reasonably good excuse why the prosecution of the action was delayed. The record also discloses that defendant alleges a counterclaim far in excess of the plaintiff's demand, which it is averred could be established only by the oral evidence of defendant and James M. Pereles, deceased, and that his death will deprive defendant of such evidence. It appears that the case could not have been brought to trial, after issue joined in August, 1910, prior to the time James M. Pereles died in December, 1910, hence defendant is not prejudiced in the loss of such evidence by the delay of the trial of the case. The facts and circumstances also show that the defendant has not otherwise suffered any inequity by reason of the delay of the trial of the action. It also appears that the defendant failed to bring the case to trial and thus

vindicate his rights to the affirmative relief he claims to be entitled to under his counterclaim in the action. He evidently acquiesced in the delay and hence occupies no favorable position to urge laches against the adverse party. The record fully justified the ruling of the trial court and no abuse of its discretion is shown.

*By the Court.*—The order appealed from is affirmed.