KEARNEY, Respondent, vs. MORSE, Administrator, Appellant.

*April 30—June 4, 1929.*

For the appellant there were briefs by *O. L. O'Boyle,* attorney, and *Charles J. Kersten* of counsel, both of Milwaukee, and oral argument by *Mr. Kersten.*

For the respondent there were briefs by *Gold & McCann,* attorneys, and oral argument by *Willis G. Sullivan,* all of Milwaukee.

FOWLER, J.   Question was raised upon the argument whether an order of revival is appealable.   It is conceded by plaintiff's counsel, however, that it is.   It was so held in *Howard v. Lunaburg,* 192 Wis. 507, 213 N. W. 301, and *R. G. Uhlmann Fur Co. v. Gates,* 155 Wis. 385, 144 N. W. 991.

It is otherwise, however, as to the part of the order vacating the portion of the judgment making the final division of property and directing a hearing for making such division,

which was also appealed from. This part of the order does not determine the action or prevent a judgment from which appeal may be taken; nor is it a final order in any sense; nor does it fall within any provision of the statute declaring what orders are appealable, sec. 274.33, Stats.

It is doubtful whether a divorce action is subject to revival. Relief such as is here sought on grounds such as are here laid has heretofore been applied for by action in equity to vacate the portion of the judgment making the award to the wife. *Johnson v. Coleman,* 23 Wis. 452; *Willeard v. Winkelman,* 191 Wis. 406, 211 N. W. 137. It is stated in the opinion in the latter case (p. 408), upon authority of previous decisions there cited, that no relief can be had in the divorce action itself. The precise point respecting survival here involved was not at issue in those cases, however, and we prefer not to pass upon it.

Assuming that the action is subject to revival, we are clearly of the opinion that no case for revival was made. The record discloses that no fraud upon the wife was practiced. Although the revival of actions, when they survive, is a matter that rests in the sound discretion of the court (*Allen v. Frawley,* 138 Wis. 295, 119 N. W. 565; *Pereles v. Christensen,* 164 Wis. 163, 159 N. W. 817), we are constrained to hold that upon the facts disclosed by the record in the divorce action the motion to revive should have been denied.

*By the Court.*—The order appealed from is reversed, and the cause remanded with instructions to dismiss the petition for revival.